527 P.2d 278

The STATE of Arizona, Appellee,

v.

Ricardo Leslie CARLISLE, Appellant.

No. 2974.

Supreme Court of Arizona,
In Banc.

Oct. 15, 1974.

Rehearing Denied Nov. 19, 1974.

N. Warner Lee, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilt to the crime of murder in the second degree, §§ 13–451 and 13–452 A.R.S., and a sentence thereon of not less than 10 nor more than 30 years in the Arizona State Prison. § 13–453(B) A.R.S.

Defendant raises only one question on appeal and that is whether or not the court abided by the agreement made by the defendant and the prosecutor regarding the submission of the matter for decision by the trial court without a trial based upon the reporter's transcript of the preliminary hearing.

The facts necessary for a determination of this matter on appeal are as follows. Defendant was arrested on an open charge

of murder. At the omnibus hearing prior to trial, the following transpired:

"THE COURT: In connection with this matter, let the record show the defendant is present, represented by Robert Hertzberg, and the State is represented by Joseph Abodeely.

In connection with the omnibus hearing, it was suggested that the matter could be submitted to me without a jury for a finding based on the preliminary hearing transcript.

You understand what that means, that I will read the reporter's transcript of the previous hearing?

It is all written out.

"MR. CARLISLE: Yes.

"THE COURT: I will read that. From that I will make a determination, you understand that?

"MR. CARLISLE: Yeah.

"THE COURT: Now, there are stipulations. One, if I do not find that the defendant is guilty of either first-degree murder or second-degree murder, the State will ask that I make no finding and that the case be tried. If the finding is first-degree murder, the defendant will move—if I believe it is going to be first-degree murder, the defendant will move to vacate the submission to me and will ask for a jury trial.

This means, in effect, that if I do not find from the transcript that the defendant is guilty of second-degree murder, the case will be tried. There is a further stipulation. You understand what I am saying?

"MR. CARLISLE: Yeah.

"THE COURT: There's a further stipulation that if I find the defendant guilty of second-degree murder he will not be sentenced to more than a minimum of ten years and a maximum of 30 years in the Arizona State Prison. If I believe that sentence should be greater, the defendant will be given an opportunity to vacate the submission to me and have this tried before a jury.

"MR. HERTZBERG: Do you understand that, Richard?

"MR. CARLISLE: Yes.

"THE COURT: Okay. That is agreeable with you?

"MR. CARLISLE: (Nodding his head indicating yes.)

"THE COURT: You have to speak up.

"MR. CARLISLE: Yeah.

"THE COURT: Is that your understanding?

"MR. ABODEELY: That is my understanding, Your Honor.

"MR. HERTZBERG: May I cover some matters with the defendant that I had previously discussed with him?

"THE COURT: Yes."

At this point the defendant's attorney proceeded to question extensively the defendant concerning the rights he was waiving by such procedure. During this questioning defendant's attorney asked:

"MR. HERTZBERG: Do you understand by today's agreement if you do agree to it that you are giving up your right to a jury trial and that the only evidence that would be considered in your trial would be the evidence that is contained in the court reporter's transcript from the preliminary hearing and only that testimony, further that neither you nor any other witnesses would be submitting any testimony for Judge Heineman to decide whether or not you are guilty of second-degree murder; you understand that? (Emphasis supplied)

"MR. CARLISLE: Yes."

And:

"MR. HERTZBERG: Well, the agreement is that Judge Heineman will find you guilty of murder in the second-degree and impose no more than a bottom of ten years, and if you enter into that agreement you are giving up your right to a jury; is that what you want to do, as we discussed before?

"THE COURT: See, if I don't do that, then you will have a jury trial. That's the agreement.

"MR. HERTZBERG: Do you understand it now?

"MR. CARLISLE: Yeah.

"MR. HERTZBERG: Is that what you want to do?

"MR. CARLISLE: Yeah.

"MR. HERTZBERG: At this time, Your Honor, we will submit the matter of guilt or innocence to the Court based *solely* upon the court reporter's transcript of the preliminary hearing." (Emphasis supplied)

The reporter's transcript of the preliminary hearing indicated that the medical report had been introduced into evidence but that the Police Departmental Reports, though made available to defendant's attorney, were not admitted into evidence. On 15 April 1974 the court entered the following order as reflected by the minute entries:

"This cause having been submitted to the court without a jury for a finding based on the preliminary hearing transcript, and the court having read and considered the preliminary hearing transcript and the applicable law, finds that the defendant is guilty of involuntary manslaughter."

The record is silent until 10 May 1974 when the court entered the following minute entry order:

"The minute order of 15 April 1974 is vacated for the reason that it was intended that this cause be submitted to the court for a finding based on the departmental reports as well as the preliminary hearing transcript, and said finding dated 15 April 1974 having been solely based on the preliminary hearing transcript.

"IT IS ORDERED vacating the minute order of 15 April 1974."

Later on the same day the following order, as reflected by the minutes, was made:

"This case having been submitted to the court without a jury for a finding based on the preliminary hearing transcript and the departmental reports, and the court having read and considered the preliminary hearing transcript, the departmental reports, and the applicable law, finds that the defendant is guilty of SECOND DEGREE MURDER, a felony."

At the time of the sentencing the defendant asked permission to withdraw his plea, although a plea had not in fact been entered, and wanted to proceed to trial. Defendant protested his innocence, and even though he did not attack the proceeding for failure of the court to live up to the agreement, the matter was discussed, the county attorney stating:

"MR. ABODEELY: First of all, the defendant did not plead guilty. He chose to have a trial to the Court based on information provided to Your Honor through the preliminary hearing transcript and police departmental reports and based on that evidence presented to the Court, Your Honor, with the previous express permission of defendant, Your Honor has found him guilty of second-degree murder."

We can only read the intention of the parties as gleaned from the record before us and that record is void of any indication that the parties intended that the matter be submitted on any record other than the reporter's transcript of the preliminary hearing.

■ The State contends, however, that the Note to Rule 19.1(a) of the Rules of Criminal Procedure 1973 infers that a submission on the reporter's transcript includes police departmental reports.

Rule 19.1(a) of the Rules of Criminal Procedure 1973 reads as follows:

"a. *Order of Proceedings.* The trial shall proceed in the following order unless otherwise directed by the court:

\* \* \* \* \* \*

with the permission of court, the parties may agree to any other method of proceeding."

Comment to this rule [19.1(a)] reads as follows:

"\* \* \* The only difference between this section and its predecessor, 1956 Ar-

izona Rules of Criminal Procedure, Rule 255, is the addition of the last sentence which permits the parties, with the permission of the court, to stipulate to any other convenient method of proceeding. This should be construed broadly to permit the parties to have the case determined by the court on the basis of a preliminary hearing or a suppression hearing transcript, police department reports or any other evidence in the case. * * *"

We do not disagree that the parties and the court could have submitted the matter on the reporter's transcript plus the police departmental reports as the rule and comment thereto clearly indicates could be done. But the rule does not require that the police reports be included absent an agreement that they be considered along with the reporter's transcript of the preliminary hearing.

 The United States Supreme Court has held that the prosecution must live up to agreements made with the defendant in return for defendant's waiver of his right, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 · L.Ed.2d 427 (1971), and we believe this should apply to the court in agreements made by the court and the defendant with the prosecution. In the instant case, the clear import of the agreement made by defendant as his side of the bargain with the prosecution and the court was that if the court found from the preliminary hearing transcript that the defendant was guilty of other than murder · (either first or second degree) then and in that event · the court would not make a finding of guilt as to manslaughter, but that the matter would go to trial. The court having found from the reporter's transcript that the defendant was only guilty of manslaughter had to set the matter for trial. When the court and the prosecution tried to go outside the transcript, they failed to live up to the agreement with the defendant and the defendant must prevail on appeal.

The judgment and guilt and sentence thereon are set aside and vacated, and the matter is remanded for new trial.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.