536 P.2d 692
**STATE of Arizona, Appellee,**
v.
**Terry Lon HAYS, Appellant.**
**No. 3032.**

Supreme Court of Arizona,
In Banc.
June 12, 1975.
Rehearing Denied July 8, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and John Pressley Todd, Asst. Attys. Gen., Phoenix, for appellee.

Michael J. Lyding, Phoenix, for appellant.

HOLOHAN, Justice.

Terry Lon Hays appeals from a judgment and sentence upon a guilty plea to voluntary manslaughter with a gun, in violation of A.R.S. §§ 13–456(A)(1), 13–457(B). He was sentenced to a term of 25 years to life in the Arizona State Prison.

The crux of this appeal is whether Hays should have been allowed to withdraw his plea of guilty.

The appellant was accused of shooting and killing 16-year-old Lee Lopez Robles in a South Phoenix parking lot during an argument on December 22, 1972. Hays, 17 years of age at the time, was transferred from juvenile court to adult court for prosecution. Following indictment on an open charge of murder, A.R.S. §§ 13–451 through 13–453, he pled not guilty.

A Petition for Post-Conviction Relief was filed by appellant seeking to set aside his plea of guilty or for delayed appeal. The superior court denied the application to withdraw the plea but granted a delayed appeal.

At the hearing on the Petition for Post-Conviction Relief, the sentencing judge agreed with the defense attorney's recollection of the agreement reached before Hays' guilty plea was entered:

"MR. [CHARLES] DIETTRICH [defense counsel]:

.  .  .  .  .  .

"[The sentencing judge] gave me an opinion not a commitment that he felt that a five-to-life sentence would be appropriate, but  .  .  . if he was going to a sentence greater than five-to-life, if Mr. Hays pled to manslaughter, by the time the probation report was in and he was able to evaluate at that time all of the facts in addition to what I presented to him at the conference, if he decided a higher sentence than five-to-life was appropriate, he would allow Mr. Hays to withdraw his plea and send the case to another court and Mr. Hays could take a chance with another judge.

.  .  .  .  .  .

"THE COURT:  .  .  . The events that Mr. Diettrich has testified involving my participation are accurate as far as my memory is concerned. That is the way I remember it  .  .  .."

The prosecutor did not make any recommendations as to sentencing or participate in the pre-plea discussions, although he was informed of the agreement between the judge and defense counsel.

Diettrich discussed the court's promise with Hays once or twice before the change of plea was entered. Of greatest import, the record reveals the impact of the agreement on the defendant's plea:

"Q. Is it your contention, then, Mr. Hays, the only reason why you pled guilty is because you thought you would get five years to life imprisonment and if you did not get five years to life imprisonment you would be allowed to withdraw your plea?

"A [the defendant] Right.

"Q   Was that promised to you by Mr. Diettrich?

"A   Yeah.

"Q   That you absolutely would be allowed to withdraw your plea?

"A   Yeah."

The original defense attorney, Charles Diettrich, explained that he had relinquished his caseload to work exclusively on another murder case, after which he left the public defender's office. Another deputy public defender represented Hays when he was sentenced. Diettrich did see the defendant shortly after sentencing, before Hays was transferred to Arizona State Prison. The attorney admitted that he "didn't do anything" when Hays indicated his desire at that time to withdraw his plea per the pre-sentence agreement.

Several telephone calls from Hays' mother prompted Diettrich to see Hays in prison four months after sentencing. Following this consultation, the attorney relayed to the public defender's office Hays' desire to withdraw his plea of guilty. Due to some administrative mix-up, no action was taken for several months.

Nearly 13 months after Hays was sentenced, a petition addressed to this matter was heard. The sentencing judge found that the defendant had made no effort to withdraw his guilty plea before or after sentencing.

■ This finding is contrary to the clear evidence in the record. From the day of sentence the defendant repeatedly attempted to take advantage of the promise made to him by the judge through his counsel. Appellant did all that he was able to do under the circumstances.

Although the taking of the plea had all the appearance of proper procedure under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973), the plea was actually conditioned by promises that were not made a part of the record at the change of plea. This fact is conceded by the trial judge.

■ The court was well aware of the emptiness of Hays' averment that he had not been promised anything to get him to plead guilty. Hays had been promised an opportunity to withdraw his guilty plea if he didn't like the sentence he received. Despite the properly administered litany of Boykin v. Alabama, *supra,* promises were propounded that induced the appellant to plead guilty. His plea was, thus, less than freely given.

■ No matter how ill-advised, the agreement was made, and the appellant was entitled to rely on it much the same as a prosecutor is bound to the bargains he strikes with a defendant in the settling of pleas. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). *See* State v. Carlisle, 111 Ariz. 233, 527 P.2d 278 (1974).

In State v. Darling, *supra,* this Court cautioned that attorneys, as officers of the court, were expected to cooperate with the courts to see that all of the client's rights were protected *on the record.* This Court also stated that the attorney for the state had an equal responsiblity to make sure that a complete record was made of the plea of guilty. Neither counsel here performed their duty as officers of the court. The resulting burden and waste on the administration of justice could have been avoided if a true record had been made.

■ The propriety of the trial judge's actions needs no comment. The disposition of this case required by the actions or inaction of the trial judge serves eloquently to point out the disservice occasioned by the failure of a trial judge to make a true and complete record in taking a plea of guilty.

Accordingly, the plea of guilty to the charge of voluntary manslaughter and the judgment and sentence thereon are set aside and the original indictment is reinstated. A judge other than the sentencing

judge shall preside over future proceedings in this matter in keeping with the terms of the agreement.

Reversed and remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.