541 P.2d 574

**STATE of Arizona, Appellee,**

v.

**Victor Martinez RODRIQUEZ, Appellant.**

**Nos. I CA–CR 1100, I CA–CR 1102.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 21, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Judge.

The appellant was charged with second degree burglary in both CR–84245 (1 CA–CR 1102) and ·CR–83082 (1 CA–CR 1100). His plea of guilty was accepted by the trial court on December 31, 1974. The plea was the result of a plea agreement which provided for the dismissal of a charge of receiving stolen property and the withdrawal by the State of a motion to allege a prior conviction. Judgment of guilt was entered on January 24, 1975, and the appellant was sentenced to serve not less than four years nor more than five years in the State Prison on each charge, the sentences to run consecutively. The cases were consolidated on appeal.

Appellant raises the following issues in this appeal:

1. The plea was not voluntary because the trial judge did not specifically advise the appellant of his right against self-incrimination during the taking of his plea;

2. The plea was not voluntary because the trial judge failed to determine that the plea was not "the result of force, threats or promises"; and

3. CR–84245, the court failed to determine that there was a factual basis for the plea.

Appellant argues that his plea of guilty must be set aside because the trial court did not specifically and orally inform him of his privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);[1] *State v. Carr*, 22 Ariz.App. 407, 527 P.2d 1250 (1974); 17 A.R.S., Rules of Criminal Procedure, Rule 17.

■ The Arizona Supreme Court has consistently held that *Boykin* does not require the trial court to articulate the rights waived by a defendant when he pleads guilty. *State v. Darling* (Footnote 1, supra); *State v. Wasserott,* 110 Ariz. 182, 516 P.2d 318 (1973); *State v. Tiznado,* Ariz., 540 P.2d 122 (1975). See also *Wilkins v. Erickson,* 505 F.2d 761 (9th Cir. 1974). The *Boykin* requirements are met when it appears from the complete record that the defendant was aware of the right to trial by jury, the right of confrontation, and the privilege against self-incrimination, and that his guilty plea was intelligent and voluntary. *Tiznado, supra.*

In addition to the constitutional requirements set forth in *Boykin,* Rule 17.2 provides that:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

a. The nature of the charge to which the plea is offered;

b. The nature and range of possible sentence for the offense to which the

---

[1] *Boykin* required that in taking a guilty plea, the record disclose a waiver of three constitutional rights: (1) the privilege against self-incrimination; (2) the right to trial by jury; and (3) the right to confront witnesses. See also *State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973); *State v. Jameson,* 108 Ariz. 433, 501 P.2d 375 (1972).

plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;

c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and

d. His right to plead not guilty.

■ While the trial court did not orally advise the appellant of his right against self-incrimination at the time of the plea, the plea agreement signed by the appellant contained this information.[2] The record further discloses that during the plea proceeding the trial judge determined that the appellant had signed the plea agreement, had discussed its provisions with his attorney, and had responded upon questioning by the court that he understood the rights he was giving up by pleading guilty. We observe also that counsel for the appellant did not bring the issue to the court's attention at the time, nor does he argue that appellant was unaware of the right against self-incrimination.

The signed plea agreement is part of the record, since it is filed with the court in accordance with Rule 17.4(c). When it is considered, together with the oral plea proceedings, it is clear that the appellant made a knowing and voluntary waiver of his rights. We hold that the record satisfies both the *Boykin* requirements as well as Rule 17.2, Rules of Criminal Procedure.

As for the failure of the trial court to present each of the rights *orally*, the Arizona Supreme Court has recently stated:

While we in no way intend to lessen the importance and necessity of the defendant's full awareness of the rights waived in a plea of guilty, we do not believe that such an awareness can only be demonstrated in an oral exchange between the court and the accused. 'To do so would exalt form over substance.' *State v. Salas,* 23 Ariz.App. 297, 532 P. 2d at 873. From the entire record before us, it is clear that the defendant made a knowing and voluntary waiver of his rights. [*State v. Tiznado,* supra.]

■ The next issue raised by appellant involves the issue of voluntariness. He contends that the trial court's failure to determine that his plea was not "the result of force, threats or promises" as required by Rule 17.3, was reversible error. The rule reads:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement) and that there is a factual basis for the plea.

The record reveals the following colloquy:

THE COURT: Has anybody threatened you in an effort to get you to change your plea to guilty at all?

DEFENDANT RODRIQUEZ: No. The only thing I was told, the deal wasn't going to recommend to the judge anything, and they would do the best to give me the least.

That's about the only thing I was told.

THE COURT: And what was the last part?

DEFENDANT RODRIQUEZ: That the lawyers would do the best that they could.

THE COURT: Okay, I assume that they also told you they would dismiss 83066. Is that so?

---

2. The plea agreement filed with the court in accordance with Arizona Rules of Criminal Procedure, Rule 17.4, states in a paragraph directly above the appellant's signature:
"I have read and understand the above. I have discussed the case and my constitutional rights with my lawyer. I understand that by pleading (guilty) (no contest) I will be giving up my right to a trial by jury, to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination. I agree to enter my plea as indicated above on the terms and conditions set forth herein."

DEFENDANT RODRIQUEZ: Yes, sir, they told me that.

We do not interpret Rule 17.3 necessarily to require the use of the same words found in the rule. In our opinion, the colloquy was sufficient to support the court's determination of voluntariness.

■ Finally, appellant argues that his plea was not properly accepted in CR–84245 because the record of the plea proceedings does not affirmatively demonstrate a factual basis for the plea. The record discloses the following dialogue between the court and appellant:

THE COURT: As a matter of fact, did you commit two burglaries, the two that you are charged with, in these—

DEFENDANT RODRIQUEZ: Well, they were attempted burglaries, but I was—you know, it was an attempt, anyway. I didn't take anything, but I did try to, anyway.

\*   \*   \*   \*   \*   \*

THE COURT: And what was the other one?

MR. REINSTEIN: [Deputy County Attorney] Do you remember breaking the window and reaching into a house at 1601 West Taylor in Phoenix?

DEFENDANT RODRIQUEZ: I broke a window, but I didn't reach in no house.

MR. REINSTEIN: Un-huh. 1601 West Taylor?

DEFENDANT RODRIQUEZ: Yeah.

THE COURT: When was that?

MR. REINSTEIN: Do you remember if that was in October, about the 24th of October?

DEFENDANT RODRIQUEZ: Yeah.

THE COURT: And you want to plead guilty to two counts, two instances of burglary in the second degree?

DEFENDANT RODRIQUEZ: Yes, sir.

THE COURT: Okay. The court accepts the pleas, finds them knowingly made, voluntarily made and intelligently made and finds a factual basis for each of the change of pleas.

The record, and in particular the transcript of the preliminary hearing, indicates the appellant broke the window at 1601 West Taylor and "reached in" as well, but appellant, at the plea proceeding, denied doing the latter. Since the complete record, which was before the trial court, substantially negated appellant's denial of this element of the charge, we reject his contention that his plea should be set aside. The validity of such a plea was recognized in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where the court held:

When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered . . . its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it. [400 U.S. at 37, 38, 91 S.Ct. at 167.]

We determine, then, that the requirement that there be a factual basis for the plea has been satisfied and that the trial court did not err in accepting the plea. See *State v. Howell,* 109 Ariz. 165, 506 P.2d 1059 (1973); *State v. Darling,* supra; *State v. Rodriguez,* Ariz., 540 P.2d 665 (1975).

The judgment and sentence in both cases are affirmed.

OGG, P. J., and DONOFRIO, J., concurring.