559 P.2d 704

**The STATE of Arizona, Appellee,**

v.

**Steve Leroy COON, Appellant.**

**No. 1 CA–CR 2062.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 18, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

The appellant/defendant Steve Leroy Coon raises one issue in this appeal: did the trial court comply with 17 ARS Rules of Criminal Procedure, rule 27.8?

After entering a plea of guilty to the charge of second degree burglary, the defendant was placed on probation for two years. While on probation a petition to revoke was filed December 9, 1975, by his probation officer, alleging a violation of the terms of probation.

The defendant entered an admission to the violation on May 13, 1976, and at a hearing on June 3, 1976, the court revoked defendant's probation and sentenced him to a term of one to two years in the Arizona State Prison. The defendant now appeals from that revocation order and sentence imposed.

The pertinent sections of 17 ARS Rules of Criminal Procedure, rule 27.8 (amended May 7, 1975, effective August 1, 1975), reads:

Rule 27.8 Admissions by the probationer

Before accepting an admission by a probationer that he has violated a condition or regulation of his probation, the court shall address him personally and shall determine that he understands the following:

(a) The nature of the violation of probation to which an admission is offered.

(b) His right to counsel if he is not represented by counsel.

(c) His right to cross examine the witnesses who testified against him.

(d) His right to present witnesses in his behalf   .   .   .

The court shall also determine that the defendant wishes to forego these rights, that his admission is voluntary and not the result of force, threats or promises and that there is a factual basis for the admission.

The defendant contends the court failed to comply with the requirements set forth above. Specifically, he contends that the court failed to determine that he understood the nature of the violation of probation to which his admission was offered; failed to determine that he understood his right to present witnesses in his own behalf; failed to determine whether his admission was voluntary and not the result of force, threats or promises; and failed to determine that there was a factual basis for the admission.

The initial arraignment hearing on the revocation was heard before Judge Fred J. Hyder on April 27, 1976. At that time the

following colloquy took place between the defendant and the judge.

THE COURT: This is a revocation arraignment of a possible revocation of probation granted you on November 20, 1974, on the charge of burglary, second degree. The petition to revoke your probation alleges that you violated probation as follows:

There's possible cause to believe that Mr. Coon has violated term No. 2, in that he left the State of Arizona without first securing approval of the probation officer, on or about 11/12/75.

Do you understand what is being said as to how you violated your probation?

DEFENDANT COON: Yes.

At the conclusion of this hearing the defendant entered a denial of the probation violation. We find the defendant was advised of the nature of his alleged probation violation in compliance with the requirements of rule 27.8(a).

At this same hearing the following conversation was had between the defendant and the judge:

THE COURT: Now, this is the time when you are to either admit any or all of the alleged violations or deny the alleged violations. Now, if you deny or an admission is not accepted, a violation hearing will be set and at that time you will be able to present witnesses and to cross-examine witnesses who testify, and have the right to testify yourself; do you understand that?

DEFENDANT COON: Yes.

We find the defendant was aware of his right to present witnesses in his behalf.

■ Defendant agrees that he was advised of these rights at the arraignment hearing but contends that at the violation hearing held before Judge A. Melvin McDonald he should have again been advised of these same rights in compliance with rule 27.8 before the acceptance of his admission to a probation violation. Although we agree it would be better practice to have the same judge handle all stages of a probation revocation and that it would have been

wise to have Judge McDonald again make these specific determinations as set forth in rule 27.8, we do not find these omissions to be reversible error under the facts of this case. Defendant and his attorney were present at all stages of the hearings and made no objection to the procedure being followed until the issues were raised in this appeal. We find no prejudice to the defendant and that there was a waiver by the defendant of any procedural error. *State v. Magallanes,* 110 Ariz. 235, 517 P.2d 505 (1973); *State v. Mendiola,* 23 Ariz.App. 251, 532 P.2d 193 (1975), aff'd 112 Ariz. 165, 540 P.2d 131 (1975).

At the violation hearing conducted by Judge McDonald on May 13, 1976, the defendant changed his original denial plea and admitted the allegations of a probation violation as set forth in the petition to revoke. At that time the court advised the defendant:

THE COURT: You understand that by admitting the allegations made by the Probation Officer that, of course, you are giving up certain rights. If we were to have a hearing this morning, you would have the right to confront and cross-examine the witnesses the state would have against you; you would have a right, of course, to have the representation of Mr. Ritchie throughout the proceeding. In effect, what you are doing is by admitting this you are giving up your right to remain silent and have the state prove your revocation; do you understand that? MR. COON: Yes.

THE COURT: Knowing this, it is nevertheless your desire to give up this right to have a hearing on this matter and to admit the allegations set forth in the petition?

MR. COON: Yes.

THE COURT: The Court finds that the defendant knowingly, voluntarily and intelligently waives his rights to the hearing, that he understands the nature and consequences of his admission.

In examining the defendant's contention that the court failed to determine if his admission was voluntary and not the result

of force, threats or promises, it appears the court did not specifically inquire of the defendant regarding such matters.

Although the court found the defendant's admission to be voluntary there is nothing in the record to reflect a basis for such a determination. An admission of a probation violation is similar to a plea of guilty to a criminal charge. In the case of *State v. Rodriquez*, 25 Ariz.App. 111, 541 P.2d 574 (1975), this court refused to find reversible error when the trial court failed to use the exact words of 17 ARS Rules of Criminal Procedure, rule 17.3, in determining the voluntariness of a guilty plea entered by the defendant. In *Rodriquez* the trial court did ask the defendant if anyone had threatened him in order to get him to change his plea to guilty. In reply to that question the defendant replied in the negative and then gave an explanation of what he understood to be the terms of his plea bargain agreement. This court found that the entire record showed his plea was voluntary and that it was not necessary to use the exact words of rule 17.3 to determine that his plea was not the result of "force, threats, or promises." We believe the rationale of *Rodriquez* is sound; however, the record in this case, as distinguished from *Rodriquez*, does not disclose any attempt by the trial judge to determine if the defendant's admission was voluntarily made, free from any influence of force, threats or promises.

■ The Arizona Supreme Court has always been zealous in requiring any plea of guilt or admission to be free from taint of coercion. *State v. Hays*, 112 Ariz. 4, 536 P.2d 692 (1975); *State v. Williams*, 107 Ariz. 421, 489 P.2d 231 (1971). See 17 ARS Rules of Criminal Procedure, rule 17.3. One of the purposes of rule 27.8 was to have the trial court make certain that the defendant's admission to a probation violation was free and voluntary so that such issues could be disposed of at that time rather than by later post conviction relief.

■ We believe the determination of the voluntariness of an admission may be based upon the entire record before the court; we also believe it is the better practice for the judge to personally ask the defendant if his admission is voluntary and not the result of force, threats or promises. There is often no practical way to determine the voluntariness of such an admission unless the trial judge personally addresses the defendant at the time the defendant makes the admission. On many occasions the trial judge and all participating court personnel are surprised by a defendant's answer to a direct question by the judge as to whether anyone used any force or made any threats or promises to induce the defendant to admit to the violation.

In our opinion there are sound legal and practical reasons for the trial judge to determine from the record before him that the admission was voluntary as directed by rule 27.8 and we cannot say that such an oversight as we have in this case is simply a technical error. Since there is nothing in the record to reflect a basis for the court's determination as to the voluntariness of the admission we therefore must reverse and remand this case to the trial court for further probation revocation hearings consistent with this opinion.

The defendant also raises an additional issue relative to the failure of the court to establish a factual basis for the admission. Since this case must be remanded for new proceedings in compliance with the requirements of rule 27.8, we see no reason to further lengthen this opinion with a discussion of that issue.

The revocation order and the sentence imposed are reversed and this case is remanded for further proceedings consistent with this opinion.

NELSON, P. J., and DONOFRIO, J., concur.