742 P.2d 833

**STATE of Arizona, Appellee,**

v.

**Leonard J. VALENTINE, Appellant.**

**No. 1 CA–CR 9867.**

Court of Appeals of Arizona, Division 1, Department A.

May 7, 1987.

Review Denied Sept. 22, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div. and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Phoenix, for appellant.

OPINION

FIDEL, Judge.

This appeal presents an undisputed error for the disposition of this court. The trial court accepted defendant's admission of certain probation violations without first ascertaining defendant's understanding of his rights to cross examine adverse witnesses and present his own and his desire to forego those rights. The state acknowledges that the trial court violated the express requirements of Rule 27.8, 17 A.R.S. Rules of Criminal Procedure.[1] Whether

---

1.  Rule 27.8 states:

    Before accepting an admission by a probationer that he has violated a condition or regulation of his probation, the court shall address him personally and shall determine that he understands the following:

    (a) The nature of the violation of probation to which an admission is offered.

    (b) His right to counsel if he is not represented by counsel.

    (c) His right to cross examine the witnesses who testified against him.

    (d) His right to present witnesses in his behalf.

    (e) If the alleged violation involves a criminal offense for which he has not yet been tried, the probationer shall be advised, at the beginning of the revocation hearing, that regardless of the outcome of the present hearing, he may still be tried for that offense, and any statement made by him at the hearing may be used to impeach his testimony at the trial.

    The court shall also determine that the defendant wishes to forego these rights, that his admission is voluntary and not the result of force, threats or promises and that there is a factual basis for the admission.

the error was fundamental and reversible is the issue of this appeal. We hold that it was.

Defendant was placed on probation after pleading guilty to third degree burglary. The Adult Probation Department petitioned the trial court to revoke probation. At his violation hearing defendant admitted certain probationary violations—specifically, failure to report regularly to his probation officer and to keep the probation officer advised of his address and employment status. The trial court accepted these admissions, revoked probation, and sentenced defendant to a presumptive two year prison term.

When the defendant indicated his intention to admit violation of probation, the trial judge carefully determined that his admission was voluntary, factually based, and not the result of force, threats, or promises. He failed, however, to inquire, as required by Rule 27.8(c) and (d), whether defendant understood and wished to waive his right at violation hearing to cross examine the state's witnesses and present his own. Nor had the trial judge explained these rights to the defendant at his earlier revocation arraignment.

The state maintains that the defendant waived his right to appeal this error by not objecting during the proceedings. When error is fundamental, however, defendant may raise it for the first time on appeal. *E.g., State v. Barnett*, 142 Ariz. 592, 691 P.2d 683 (1984).

The rights to present evidence and to cross examine adverse witnesses at a probation revocation hearing are among the minimum requirements of due process under the United States Constitution. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761–62, 36 L.Ed.2d 656 (1973). Rule 27.8, drafted in 1973 after the issuance of *Gagnon* and amended in 1975, requires that these rights be acknowledged and expressly waived before an admission of probation violation may be accepted. The rule establishes a procedure for the protection of fundamental rights. A defendant inclined to admit probation violations has a fundamental right to know and

understand the due process requirements he is about to waive.

We addressed a related issue in *State v. Coon*, 114 Ariz. 148, 559 P.2d 704 (App. 1977). There the trial court failed to make certain that the defendant's admission to a probation violation was voluntary and free from influence of force, threats, or promises. This court declined to excuse that oversight as "simply a technical error." *Id.* at 151, 559 P.2d at 707. Rather, the court reversed and remanded the case for further probation revocation hearings in compliance with the requirements of Rule 27.8. *Id.*

The state points, however, to the different treatment we accorded in *Coon* to the trial court's failure, in accepting defendant's admission of probation violation, to outline the charges and specifically advise defendant of his right to contest them with witnesses on his own behalf. The state acknowledges that a trial court's failure to determine the voluntariness of an admission of probation violation is fundamental and reversible, but suggests that the court can excuse, as tolerable procedural irregularity, failure to outline and secure waiver of a defendant's rights to confront adverse witnesses and present his own.

The state constructs this argument from a misreading of *Coon*. In that case, unlike this case, the trial judge had comprehensively outlined the hearing rights of the accused at the revocation arraignment. *Id.* at 150, 559 P.2d at 706. Defendant had acknowledged those rights and exercised them by denying the violations and insisting on a hearing. Though the trial judge should have reiterated those rights at the violation hearing when informed that the defendant would admit the violations charged, the earlier proceedings relieved this error of the consequence of reversal. *Id.*

This court in *Coon* did not relegate the rights to confront adverse witnesses and present one's own to a lesser status than the requirement that a plea or admission be free from taint of coercion. Rather, the court stressed the importance that each point be expressly covered by the trial

**334**

court when a plea or admission is taken. Only where the record clearly reveals coverage of an omitted point at an earlier stage in the proceedings will such an omission not require reversal. *Cf. Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969): "We cannot presume a waiver of these ... important federal rights from a silent record."

Although the process of taking guilty pleas and accepting admissions of probation violations is repetitive, rules of court and reported cases specify that certain questions must be asked and answered on the record to assure that a defendant does not relinquish inadequately appreciated rights. The steady iteration of these questions in a busy trial court inevitably generates an atmosphere of ritualistic formalism. Yet the questions are bases, and the bases must be touched. We explained in *State v. Coon:*

> There is often no practical way to determine the voluntariness of ... an admission unless the trial judge personally addresses the defendant at the time the defendant makes the admission. On many occasions the trial judge and all participating court personnel are surprised by a defendant's answer to a direct question by the judge as to whether anyone used any force or made any threats or promises to induce the defendant to admit to the violation.

114 Ariz. at 151, 559 P.2d at 707. Those comments about inquiry into the voluntariness of an admission apply as well to inquiry concerning a defendant's understanding of and willingness to waive his due process hearing rights.

Moreover, when the trial judge solicitously outlines the rights of the accused, who registers his wish to waive them, a practical benefit follows. As the United States Supreme Court said in *Boykin*, "When the judge discharges that function, he leaves a record adequate for any review that may be later sought...." 395 U.S. at 244, 89 S.Ct. at 1712.

The revocation order and sentence are reversed, and this case is remanded for further probation revocation hearings consistent with this opinion.

GRANT, P.J., and CONTRERAS, J., concur.