516 P.2d 318

**STATE of Arizona, Appellee,**

v.

**Charles William WASSEROTT, IV, Appellant.**

**No. 2562.**

Supreme Court of Arizona,
In Banc.
Dec. 3, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

William M. Egan, Flagstaff, for appellant.

STRUCKMEYER, Justice.

Defendant, Charles William Wasserott, IV, was charged with robbery while armed with a gun, Count One, a violation of A.R.S. §§ 13–641 and 13–643[B], as amended; assault with a deadly weapon, a violation of A.R.S. § 13–249, Count Two; and kidnapping with intent to commit robbery, a violation of A.R.S. § 13–492, Count Three. At defendant's arraignment on February 7, 1972, Counts Two and Three were dismissed, and defendant entered a plea of guilty to Count One. From a sentence of five to ten years in the State penitentiary, defendant appeals.

The record discloses that defendant's counsel in the court below is his present counsel on appeal. Counsel has filed an Anders-type brief, in which he raises two ostensible questions, but concludes that both are without merit.

The first is whether the plea of guilty of the defendant was voluntarily, intelligently

and knowingly given. As to this, the record shows that the judge, before accepting defendant's plea, asked what he did, and the defendant replied that he "robbed somebody" with a 12-gauge shotgun at the Congregational Church in Flagstaff, Arizona. Defendant was advised by the court that he could be sentenced to the Arizona State Prison and that the sentence which would be imposed was strictly up to the court, not subject to any assurances which defendant might have received from anyone. He was also told that armed robbery carried a minimum of five years and a maximum of life, and that by pleading guilty he waived a jury trial.

The trial judge did not specifically advise the defendant that he waived his right to confrontation of the witnesses by pleading guilty. Formerly we held that this was not essential to a valid plea. State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971). However, we have recently held that if on appeal the complete record is deficient, we will remand the case to the trial court for proceedings to determine whether the defendant was aware that he was waiving all rights which were secured to him through a jury trial. State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973).

It therefore becomes necessary to remand this cause to the trial court for a hearing to determine if, at the time of the plea of guilty, defendant did in fact make a knowing and intelligent plea as required by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The second question suggested by counsel is whether the sentence imposed by the court was an abuse of its discretion. Some facts tend to indicate that a sentence of probation would have been warranted had the judge felt so inclined. A private psychiatrist employed on behalf of the defendant recommended probation along with psychiatric treatment. Defendant was committed to the Department of Corrections for a presentence diagnostic evaluation. Its report recommended that the defendant be placed on strict probation, with an acceptable therapeutic program, or voluntarily submit himself to the Arizona State Hospital. The court's probation officer concurred in these recommendations. Notwithstanding, the court did not suspend the imposition of sentence.

It conducted a hearing which disclosed such matters as defendant's past history, his age, education, family background, army record, his I.Q., lack of a previous criminal record, social and Boy Scout activities, and the defendant's motivation for the commission of the offense. The trial judge also personally interviewed the defendant.

It is apparent that the court balanced the various mitigating factors against the aggravating circumstances, considering the severity of the crime, the function and purpose of the criminal law and society's interest in having protection. We cannot say the sentence was an abuse of discretion. This court will reduce a sentence only when the trial judge has clearly abused his discretion. State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972).

This cause is remanded to the trial court with directions to make appropriate findings of fact and to advise this Court of its findings.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.