532 P.2d 872

**The STATE of Arizona, Appellee,**

v.

**Ernesto Adolfo SALAS, Appellant.**

**No. I CA–CR 780.**

Court of Appeals of Arizona, Division 1, Department B.

March 18, 1975.

Bruce E. Babbitt, Atty. Gen. by Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

Defendant Ernesto Adolfo Salas was charged by Information with burglary, second degree, and an allegation of two prior convictions. After initially pleading not guilty he entered into a formal written plea agreement wherein he agreed to plead guilty to burglary, second degree, in exchange for the State's promise to dismiss the prior convictions and a companion charge of unlawful use of narcotic drugs. Following his plea of guilty, the defendant was sentenced to a term of 4½ to 5 years at Arizona State Prison.

On appeal, defendant alleges that the trial court failed to comply with the requirements of Rule 17.2, Rules of Criminal Procedure, 17 A.R.S. Specifically, defendant claims that at the taking of the plea on June 4, 1974, the trial court did not address the defendant personally in open court and advise him that by entering his plea of guilty he was waiving his constitutional rights to a jury trial, to confrontation and the privilege against self-incrimination as required by Rule 17.2 and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969).

At the June 4, 1974 hearing the following dialogue took place between the court and the defendant after the signed plea agreement was filed with the presiding judge:

"THE COURT: Let me hand you this Plea Agreement which has been given

to me, Mr. Salas. Tell me first of all if that's your signature on that form.

"MR. SALAS: Yes, sir.

"THE COURT: Did you read that before you signed it?

"MR. SALAS: Yes, sir.

"THE COURT: Was it explained to you by Mr. Basham also?

"MR. SALAS: Yes.

"THE COURT: Are you sure you fully understood it when you signed it?

"MR. SALAS: Yes.

"THE COURT: Do you have any difficulty with English?

"MR. SALAS: No, sir.

"THE COURT: Would you read those rights again, please, that are explained right above your signature in that longer paragraph.

"Have you read those?

"MR. SALAS: Yes.

"THE COURT: You understand them?

"MR. SALAS: Yes, sir.

"THE COURT: You understand that if you plead guilty this morning, you are going to be giving up those rights?

"MR. SALAS: Yes, sir."

The written portion of the plea agreement directly above the defendant's signature states:

" * * * I have discussed the case and my constitutional rights with my lawyer. I understand that by pleading (guilty) (no contest) I will be giving up my right to a trial by jury, to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination."

Defendant asserts that State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973) compels that this guilty plea must be vacated. However, State v. Darling is distinguishable on its facts from the case at bar in that in the Darling case the record was entirely void as to the defendant having been advised by the trial court of two of the constitutional rights set forth in Boykin.

The courts of this state have recently issued several opinions stressing compliance with Rules 17.2 and 17.3 and their express intent to follow the mandate of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) that a waiver of constitutional rights and a showing of voluntariness should be demonstrated in the record at the time the plea is entered. See State v. Crowley, 111 Ariz. 308, 528 P.2d 834 (1974); State v. Mendiola, 23 Ariz.App. 251, 532 P.2d 193 (filed March 4, 1975); State v. Bates, 22 Ariz.App. 613, 529 P.2d 1207 (1975); State v. Rodriquez, 22 Ariz.App. 478, 528 P.2d 864 (1974), review granted February 5, 1975; State v. Carr, 22 Ariz.App. 407, 527 P.2d 1250 (1974). However, we do not believe that the sole method for meeting this requirement is for the trial court to utter orally the rights of the defendant. To do so would exalt form over substance. Here the trial court personally addressed the defendant in open court and the record clearly supports compliance with the requirement that the rights of the defendant be brought to his attention and voluntarily waived. We believe that under the circumstances of this case there has been adequate compliance with the rules.

Affirmed.

HAIRE, C. J., and EUBANK, J., concur.