540 P.2d 122

**STATE of Arizona, Appellee,**

v.

**Miguel Angel TIZNADO, Appellant.**

**No. 3199–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 16, 1975.

Bruce E. Babbitt, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Davis, Bracamonte & Vigil by Anastacio Ned Vigil, Tucson, for appellant.

HAYS, Justice:

We accepted this petition for review to determine whether it was proper for the trial court to have accepted the guilty plea of Miguel Angel Tiznado, hereinafter called the defendant. The Court of Appeals set aside the plea. Opinion vacated. *State v. Tiznado,* 23 Ariz.App. 483, 534 P. 2d 291 (1975).

Tiznado was indicted on one count each of assault with a deadly weapon, armed robbery, kidnapping for rape, and attempt to commit armed rape. He pled guilty to armed robbery and attempt to commit rape pursuant to a plea agreement and was sentenced to serve from five to eight years in the prison for the former crime and from

two and one-half to eight years for the latter, the sentences to run concurrently.

 On appeal, Tiznado contends that his plea was not in accord with the mandate of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a guilty plea must be intelligent and voluntary. To be considered intelligent, it must be shown that the accused was aware of the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. *Boykin v. Alabama, supra; State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973). Rule 17.2, 1973 Rules of Criminal Procedure, is in accord with requiring that before accepting a plea of guilty, the court shall determine that the defendant understands the constitutional rights at issue. In *State v. Darling, supra,* there was no record that demonstrated that the defendant was aware of two of his constitutional rights. In this case, as in *State v. Salas,* 23 Ariz.App. 297, 532 P.2d 872 (1975), there is a written plea agreement before the court which sets forth the constitutional rights waived upon a guilty plea. The court discussed the plea agreement with Tiznado.

"THE COURT: . . . Did your counsel, who speaks Spanish, Mr. Vigil, explain to you what this plea agreement was?

"THE DEFENDANT: Yes.

"THE COURT: And did you sign it yourself?

"THE DEFENDANT: Yes.

"THE COURT: Do you feel like you understand it?

"THE DEFENDANT: Yes."

The court then continued to discuss the right to a trial by jury at length with Tiznado and to determine the voluntary quality of the plea. The defendant was represented by counsel and had the assistance of an interpreter.

While we in no way intend to lessen the importance and necessity of the defendant's full awareness of the rights waived in a plea of guilty, we do not believe that such an awareness can only be demonstrated in an oral exchange between the court and the accused. "To do so would exalt form over substance." *State v. Salas, supra,* 532 P.2d at 873. From the entire record before us, it is clear that the defendant made a knowing and voluntary waiver of his rights.

The defendant also urges that the sentence imposed was improper and excessive. The sentence is clearly within the statutory limits and cannot be held to be an abuse of discretion in this instance. *State v. Settle,* 111 Ariz. 394, 531 P.2d 151 (1975).

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN, and GORDON, JJ., concur.