562 P.2d 374

STATE of Arizona, Appellee,

v.

Thomas Charles HENRY, Appellant.

No. 3524.

Supreme Court of Arizona, En Banc.

March 18, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Ronald L. Crismon, Asst. Attys. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

HAYS, Justice.

This is an appeal taken from a plea of guilty entered by the appellant, Thomas Henry, pursuant to a plea agreement, to the charges of first degree murder, first degree burglary and assault with a deadly weapon. He was sentenced to life imprisonment without possibility of parole for twenty-five years for the murder; to not less than fourteen nor more than fifteen years in the state prison for the burglary; and to twenty-five years to life for the assault, all three sentences to run concurrently. The jurisdictional basis of this court is found in the Ariz.Const. art. 6, § 5, art. 2, § 24, and A.R.S. § 13–1711 and § 12–120.21(A)(1).

The facts are undisputed. Prior to his agreement to plead guilty, a mental examination was done on the appellant pursuant to Rule 11 of the Rules of Criminal Procedure to determine his competency to stand trial. Following a hearing, the appellant was found to be competent to stand trial and to assist counsel in his defense. Medical testimony, however, did indicate that the appellant could barely read or write and that he was of substandard intelligence.

On March 15, 1976, the appellant pursuant to a written plea agreement filed with the court, entered a plea of guilty to each of the charges enumerated above.

The appellant first argues that his plea of guilty was not taken in accordance with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), insofar as he was not specifically informed of and was not aware of his right to confrontation. Of course *Boykin* holds that a plea of guilty must be intelligent and voluntary and that for it to be intelligent, it must be shown that the appellant was aware of the constitutional rights he was waiving including his right to confrontation. *See State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973). The appellant acknowledges that the writ-

ten plea agreement expressly states that in entering his guilty plea, he is waiving the right to confront witnesses against him and he concedes that he signed the agreement. He also concedes that at the hearing wherein the plea was taken, when asked if he had read and understood the agreement, the appellant stated that he had. It is nonetheless argued that because the medical testimony showed that the appellant could hardly read or write, the court's reliance on the appellant's professed awareness of the contents of the written agreement was inappropriate and that since the court did not specifically inform the appellant of his right to confrontation, the plea could not have been taken with knowledge that he was waiving such a right. We cannot agree.

■ This court has repeatedly held that *Boykin* does not require that the trial court specifically articulate each of the constitutional rights waived by an accused's entering a plea of guilty. *State v. Tiznado,* 112 Ariz. 156, 540 P.2d 122 (1975); *State v. Wasserott,* 110 Ariz. 182, 516 P.2d 318 (1973). The requirements of *Boykin* are met when it appears from a consideration of the entire record that the accused was aware that he was waiving those rights and it appears that it was a knowing and voluntary waiver. *State v. Tiznado, supra.*

■ The appellant here signed and stated that he read and understood the plea agreement in which the right to confront and cross-examine witnesses is specifically waived. We note that although the examining physicians did find the appellant to be of low intelligence and limited reading ability, it does not necessarily follow that he could not read absolutely or that he was unable to read the plea agreement which he signed. Nonetheless, assuming for purposes of argument, that he could not read and that the court could not rely on the written agreement to determine that the appellant was aware of his right to confrontation we still think that the record warrants the finding that the appellant was aware of his rights and that he made a knowing and intelligent waiver thereof.

First of all, the plea agreement, signed by defense counsel, reflects that the appellant's attorney advised him of his rights. In the paragraph immediately above the attorney's signature is a sentence that reads: "I have discussed this case with my client in detail and advised him of his constitutional rights and all possible defenses." Because appellant's counsel did place his signature immediately below that paragraph, we do not think it unreasonable to presume that counsel did in fact discuss the rights the appellant would waive by entering a plea.

Moreover, at the time the plea was entered the court specifically asked the appellant whether he understood the agreement and whether he had discussed it with his attorney. The appellant answered both questions in the affirmative.

Finally, the court further advised the appellant that if he did not plead guilty, the witnesses who have accused him of the crimes of which he was charged would be required to appear and testify. The appellant replied that he understood. As we stated in *State v. Tiznado, supra*:

"While we in no way intend to lessen the importance and necessity of the defendant's full awareness of the rights waived in a plea of guilty, we do not believe that such an awareness can only be demonstrated in an oral exchange between the court and the accused. 'To do so would exalt form over substance' *State v. Salas, supra,* 532 P.2d at 873 [23 Ariz.App. 297, 532 P.2d 872]. From the entire record before us, it is clear that the defendant made a knowing and voluntary waiver of his rights." 112 Ariz. at 157, 540 P.2d at 123.

So also here, from a consideration of the entire record, we are of the opinion, and so hold, that the appellant entered his plea with a knowing and voluntary waiver of his rights including the right to confront witnesses.

It is also argued on appeal that the appellant's plea of guilty was entered in violation of *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), on the

basis that the record does not demonstrate that the appellant knew that intent was a requisite element of the charges against him or that he acted with such intent. In *Henderson* the United States Supreme Court affirmed the grant of federal habeas corpus to a defendant convicted in a state court in 1965. The defendant had been indicted on a charge of first degree murder. Following extended plea negotiations he plead guilty to second degree murder, although it was determined in the lower court to be a fact that neither defense counsel nor the trial court had explained to the defendant that the intent to kill was a necessary element of the offense of second degree murder. As a result of this and of the fact that the defendant made no admissions implying or otherwise indicating that he had such intent, the Supreme Court held that his plea of guilty could not have been voluntary and was entered without due process of law.

The appellant in the present case contends that because he was never specifically informed that intent was a necessary element of the offenses of first degree murder and burglary, his plea was entered involuntarily. We do not agree.

Initially, we note that our Court of Appeals has recently held that *Henderson* will not be applied retroactively in this state. *State v. Ray,* 114 Ariz. 380, 560 P.2d 1287 (filed February 24, 1977). We concur in the analysis of Judge Haire in that decision and we hold that *Henderson* will not be given retroactive effect in Arizona.

We are further of the opinion, however, that aside from the matter of retroactivity, the *Henderson* case is inapplicable on its facts to the case *sub judice.*

First of all, insofar as the holding of *Henderson* rests on the basic notice requirements of due process, it is easily distinguishable from the present case. In *Henderson,* the defendant was charged by indictment with first degree murder. He plead guilty to second degree murder but was never formally charged with the latter. The Court, relying on *Smith v. O'Grady,* 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941), found this to violate due process.

In the instant case, however, the appellant was formally charged with the exact crimes to which he ultimately plead guilty. The indictment charged the appellant with, *inter alia,* first degree murder and burglary and that was what he plead guilty to. A defendant is entitled, as a fundamental requirement of due process, to be advised of the specific charges against him. *State v. Branch,* 108 Ariz. 351, 498 P.2d 218 (1972). An indictment sufficient on its face fulfills this requirement.

Secondly, and more importantly, the *Henderson* decision is clearly distinguishable from the instant case insofar as the appellant here made an admission on the record implying that he had the intent necessary to convict of both first degree murder and burglary. Such was not the case in *Henderson,* and the Supreme Court apparently deemed the lack of such an admission of intent significant in their decision:

"There is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had the requisite intent. Defense counsel did not purport to stipulate to that fact; they did not explain to him that his plea would be an admission of that fact; *and he made no factual statement or admission necessarily implying that he had such intent.* In these circumstances, it is impossible to conclude that his plea to the unexplained charge of second-degree murder was voluntary." (emphasis added). 426 U.S. at 646, 96 S.Ct. at 2258, 49 L.Ed.2d at 115.

The appellant here did not admit to intending to kill his victim. He did however admit to intending to burglarize the building where the killing took place,[1]

---

1. At the hearing wherein the appellant plead guilty, the following exchange took place:

"THE COURT: Were you there? Why were you there? Why were you at 2034 West Jackson?

which is all that is required concerning the accused's state of mind in order to convict for first degree murder under a felony-murder theory.[2] *State v. Ferrari,* 112 Ariz. 324, 541 P.2d 921 (1975). We think this admission of intent clearly takes the case now before us outside of the scope of *Henderson.*

Having determined that *Henderson* will not be applied retroactively and that even were we to apply it retroactively it would not control here, we still must determine, in light of the present governing law of Arizona, whether the appellant entered his plea knowingly, intelligently and voluntarily. Rule 17.2(a) of the Rules of Criminal Procedure, 17 A.R.S., requires that the accused be informed of the nature of the charges against him. We have consistently held, however, that the accused need not be told of every element of the crime with which he is charged. *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (1975); *State v. Miller,* 110 Ariz. 304, 518 P.2d 127 (1974); *State v. Howell,* 109 Ariz. 165, 506 P.2d 1059 (1973).[3] Rather depending on the complexity or technicalities of the charges involved, that requirement may be fulfilled by a reading of the indictment or information in some cases and by a simple explanation of the charges by the judge in others. *State v. Duran,* 109 Ariz. 566, 514 P.2d 487 (1973). Here, the trial court informed the appellant of each of the crimes of which he was charged as enumerated in the indictment. The court also inquired of defendant whether he understood the charges. The appellant replied that he understood.

Moreover, we have specifically held that a recitation of the elements of the crime is unnecessary when the defendant has admitted to the acts constituting those elements. *State v. Ohta,* 114 Ariz. 489, 562 P.2d 369 (filed March 16, 1977); *State v. Ferrell,* 108 Ariz. 394, 499 P.2d 109 (1972). As hereinbefore discussed, the appellant admitted in open court to the intent to burglarize. See footnote 2 *infra.*

We think it clear that the appellant was informed of and understood the nature of the charges against him.

The record further evidences, and it is undisputed, that a factual basis was found to exist, as required under Rule 17.3, and that the court informed the appellant of the possible consequences of his plea, Rule 17.-2(b). In view of these findings and of our holding that the appellant knowingly waived his constitutional rights, we hold that the appellant entered his plea of guilty knowingly, intelligently and voluntarily.

The judgment of conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

"MR. HENRY: Were [sic] were going to the door, trying. We probable [sic] would have stole [sic] something, if the police hadn't comel [sic]. We were about to break in. We was [sic] all broke in. We probable [sic] would have stole [sic] something, if the police hadn't of [sic] come."

2. A.R.S. 13–452 reads in pertinent part: "A murder . . . which is committed . . . in the perpetration of, or attempt to perpetrate . . . burglary . . . is murder of the first degree." A.R.S. 13–302 defines burglary as the entering of a building ". . . with intent to commit grand or petty theft, or any felony . . . ."

3. We note that in *Henderson, supra,* the Supreme Court assumed, without deciding, that in informing an accused of the nature of the charges, the trial court need not describe every element of the offense. See n. 18, 96 S.Ct. at 2258.