577 P.2d 712

**STATE of Arizona, Appellee,**

v.

**Trine Granado LEVARIO, Appellant.**

No. 4154.

Supreme Court of Arizona,
In Banc.

April 5, 1978.

Rehearing Denied April 25, 1978.

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

On July 19, 1977, appellant entered a plea of no contest to one count of selling a narcotic drug under A.R.S. § 36–1002.02. The trial judge imposed a sentence of not less than five nor more than six years. We have taken jurisdiction of his appeal pursuant to A.R.S. Rule 47(e)(5), Supreme Court Rules.

Rule 17.2 of the Arizona Rules of Criminal Procedure requires that:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

"a. The nature of the charge to which the plea is offered;

"b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;

"c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and

"d. His right to plead not guilty".

■ While the transcript of the plea proceedings demonstrates that the trial judge questioned appellant extensively as to his understanding of the constitutional rights he would be relinquishing by pleading no contest, the judge failed to specifically advise appellant that he would be foregoing his right not to incriminate himself. Furthermore, although the judge informed appellant fully as to the nature and range of the possible sentence, he failed to advise appellant of a special sentencing condition of A.R.S. § 36–1002.02 which stipulates that a person sentenced to a prison term under its provisions shall not be eligible for parole or release on any other basis for a minimum of five years.

The appellant urges that the trial judge's failure to comply fully with the provisions of Rule 17.2 require us to vacate his plea. We have held, however, that if it can be ascertained from an examination of the extended record that the defendant was otherwise aware of the information the trial judge is required to but failed to advise him of, the judge's error shall be regarded as technical rather than reversible. *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976); *State v. Tiznado*, 112 Ariz. 156, 540 P.2d 122 (1975).

In the case at hand, the extended record includes the plea agreement signed by the defendant and his attorney. The agreement clearly states that "defendant shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than five years in prison". The agreement also states that the defendant understands that by pleading no contest he will be giving up, among other rights, his privilege against self-incrimination.

Appellant's attorney contends that the plea agreement cannot be relied upon as evidence that appellant was aware of the special punishment provision and his privilege against self-incrimination. This contention is based on the assertion that appellant's ability to read and understand the English language is "very limited".

■ In dealing with the allegation that appellant has a limited capacity for understanding English, we note initially that a reading of the transcript of the plea proceedings reveals that appellant has an eighth grade education and that he had no difficulty carrying on a dialogue with the judge. Even if we were to presume, however, as we did in *State v. Henry*, 114 Ariz. 494, 562 P.2d 374 (1977), that appellant was unable to read, we think that there is sufficient evidence in the record to warrant a finding that appellant was aware of the contents of the plea agreement. As in *Henry*, the trial judge specifically asked appellant whether his attorney had fully explained the plea agreement to him and whether he fully understood all of the matters set forth in the agreement. Appellant answered both questions in the affirmative. More importantly the plea agreement contains a signed avowal of defense counsel that he had "discussed this case with my client in detail and advised him of his constitutional rights and all possible defenses". Whenever defense counsel attaches his signature to such a statement we can only presume that he has at a minimum discussed the contents of the plea agreement with his client including any rights that might be waived by entering a plea. *State v. Henry, supra.*

The judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.