615 P.2d 650

STATE of Arizona, Appellee,

v.

Paul Curtis JAMES, Appellant.

No. 1 CA–CR 4368.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 5, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

OPINION

CONTRERAS, Judge.

Paul Curtis James was charged by information with aggravated assault, a class three felony, in violation of A.R.S. §§ 13–1204(A)(1), –1204(B), –1203(A)(3), –701, –702, and –801.[1] The charges stem from a May, 1979, incident during which James pointed a rifle at his 16-year-old daughter and threatened her life. Pursuant to the terms of a written plea agreement, James pled guilty to the charge. Following entry of a judgment of guilt, he was sentenced to a term of 15 years' imprisonment. On appeal, he contends that his plea must be set aside because he was not advised of the special sentencing provisions of A.R.S. § 13–604(G), as required by Rule 17.2(b) of the Arizona Rules of Criminal Procedure. We agree that Rule 17.2(b) was not complied with and remand this matter to the trial court.

Aggravated assault is a class three felony. A.R.S. § 13–1204(B). The presumptive term of imprisonment for a class three felony is five years. A.R.S. § 13–701(B)(2). This presumptive term is not applicable to a case involving the exhibition of a deadly weapon or a dangerous instrument. A.R.S. §§ 13–701(B), –604. In the case of a first conviction for a class three

1. All statutory references are to Arizona's revised Criminal Code that became effective on October 1, 1978.

felony involving the use or exhibition of a deadly weapon or dangerous instrument, the possible penalty ranges from five to fifteen years' imprisonment. A.R.S. § 13–604(G). Additionally, A.R.S. § 13–604(G) provides, in part:

> [The defendant] shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served.

This special consequence of sentencing must be explained to a defendant prior to acceptance of his plea of guilty. *See State v. Dishong,* 122 Ariz. 218, 594 P.2d 84 (1979); *State v. Levario,* 118 Ariz. 426, 577 P.2d 712 (1978). Rule 17.2(b) requires that:

> Rule 17.2 Duty of court to advise defendant of his rights and of the consequences of pleading guilty or no contest
>
> Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:
>
> .    .    .    .    .
>
> b. The nature and range of possible sentence for the offense to which the plea is offered, *including any special conditions regarding sentence, parole, or commutation imposed by statute ;    .    . . .*
> (emphasis added)

 A review of the transcript of the change of plea proceeding discloses that appellant was never advised that he would have to serve at least two-thirds of any sentence imposed by the court. The written plea agreement, which he signed, does not cure this omission. *See State v. Levario, supra.* The plea agreement, in fact,

incorrectly states that there are no special conditions regarding sentence, parole or commutation imposed by statute. We have examined the entire record and find nothing indicating that appellant was, in fact, aware of the information required to be disclosed by Rule 17.2(b). *See id.* Under these circumstances, it would therefore appear that there has been a prejudicial failure to comply with the requirements of that rule if appellant was unaware of these special conditions. *See State v. Dishong, supra; State v. Levario, supra.*

We therefore remand this case to the trial court for an evidentiary hearing, to be held within 30 days of the issuance of our mandate, to determine whether appellant was aware of the special conditions of his sentence imposed by A.R.S. § 13–604(G) at the time of his guilty plea. If the court finds that he was not aware of these special conditions, the judgment shall be set aside, the plea agreement vacated, and the original charges reinstated. If the court does find that appellant did, in fact, know of them, the record of the hearing and the court's findings shall be transmitted to this court, together with any objections to the findings, within 60 days of the mandate. *See State v. Soloman,* 117 Ariz. 228, 571 P.2d 1024 (1977).

Remanded for evidentiary hearing.

JACOBSON, P. J., Department C, and OGG, J., concur.