650 P.2d 1280

STATE of Arizona, Appellee,

v.

Paul BRYANT, Appellant.

No. 1 CA–CR 5395.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 10, 1982.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Cliff C. Wamacks, Asst. Atty. Gen., Phoenix, for appellee.

Kemper & Henze by James Hamilton Kemper, Phoenix, for appellant.

## OPINION

GRANT, Judge.

Paul Bryant, the defendant, was indicted by the Maricopa County Grand Jury for armed robbery using a gun, a class two dangerous felony in violation of A.R.S. §§ 13–1902 and 13–1904. The defendant entered into a written plea agreement with the state and on April 6, 1981 pled guilty to the armed robbery. In exchange the state agreed to drop the allegation of dangerousness and to dismiss another case against the defendant, Maricopa County cause number CR–113764. Additionally, the plea agreement contained a stipulation that the defendant would not be placed on probation but would receive a sentence of seven years in the custody of the Department of Corrections.

On May 5, 1981 the defendant was sentenced, in accordance with the plea agreement, to the presumptive term of seven years with the Department of Corrections. A timely notice of appeal was filed. The only issue raised in this appeal is whether the plea proceeding was improper under Rule 17.2.b., Ariz.R.Crim.P., because the trial judge failed to advise the defendant of the requirement that he serve one-half of his sentence before becoming eligible for parole. A.R.S. §§ 41–1604.06.D., 31–412.

Rule 17.2.b. provides that before accepting a guilty plea the court must inform the defendant of any *special* conditions regarding sentence, parole or commutation imposed by statute. Under A.R.S. § 41–1604.06.D. a prisoner's earliest parole eligibility occurs when the prisoner has served one-half of his sentence, unless the prisoner is sentenced in accordance with any law which prohibits the release on any basis until serving not less than two-thirds of the sentence imposed by the court. This is a general, not a special, sentencing condition. It is a statute which applies across-the-board to all prisoners except those sentenced in accordance with statutes which have special sentencing conditions attached thereto. For an example of such a special sentencing condition imposed by statute, see *State v. Levario,* 118 Ariz. 426, 577 P.2d 712 (1978). Defendants need not be advised of every single possibility regarding sentencing. *See State v. McVay,* 131 Ariz. 369, 641 P.2d 857 (1982); *State v. Wesley,* 131 Ariz. 246, 640 P.2d 177 (1982).

In reviewing the record for fundamental error, the court notes that defendant's sentence was for commitment to the Arizona Department of Corrections for seven years, rather than for a term of "imprisonment" as required by A.R.S. § 13–701.A. *State v. Gutierrez,* 130 Ariz. 148, 634 P.2d 960 (1981). This technical error is hereby remedied by modifying the sentence to reflect that the defendant is sentenced to a term of "imprisonment" for seven years and committed to the Department of Corrections pursuant to A.R.S. § 13–701.

For the reasons stated, the judgment and sentence are affirmed.

JACOBSON, J., and RICHARD M. DAVIS, J. pro tem., concur.

NOTE: The Honorable RICHARD M. DAVIS, a Judge *pro tempore* of a court of

record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.