797 P.2d 725

**STATE of Arizona, Respondent,**

v.

**Jerry Lee HENDERSON, Petitioner.**

**Nos. 1 CA–CR 89–1609–PR, 1 CA–CR 89–1610–PR.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 14, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Chief Counsel, Crim. Div., and Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

VOSS, Judge.

■ Jerry Lee Henderson (petitioner) appeals from the denial of his motion for post-conviction relief. Petitioner states that he was not informed that his earliest date of parole eligibility could be extended if he violated Department of Correction institutional rules and his parole classification was changed. *See* A.R.S. § 41–1604.06(F).* Petitioner argues that this information constitutes a special condition of parole, without which he was unable to make a voluntary, knowing, and intelligent waiver of his rights as described in Rule 17, Arizona Rules of Criminal Procedure. We disagree.

Rule 17.2(b) requires the trial court to inform a defendant of "[t]he nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute...." The Rule clearly differentiates between general and special provisions of sentence, parole, or commutation. *State v. Bryant*, 133 Ariz. 298, 650 P.2d 1280 (App. 1982). Under Rule 17.2(b) the trial court is not required to explain general conditions applicable to sentencing, parole, or commutation. *Id.*

In this case, A.R.S. § 41–1604.06(F) applied generally to petitioner at the time his plea was accepted and he was sentenced. During the trial court proceedings this statute was no more applicable to defendant than it was to any other defendant before any other trial court. Because A.R.S. § 41–1604.06(F) applied generally, descrip-

tion of that general condition was unnecessary under Rule 17.2(b).

Additionally, our decision is supported by a review of the cases discussing special conditions. Those cases focus on circumstances as they exist *at the time the plea is accepted and the defendant is sentenced. E.g., State v. Dishong*, 122 Ariz. 218, 594 P.2d 84 (1979), *State v. Ellis*, 117 Ariz. 329, 572 P.2d 791 (1977), *State v. Pac*, 163 Ariz. 58, 785 P.2d 1246 (App.1989), *review granted*, (Ariz.Sup.Ct. Feb. 14, 1990); *State v. Lee*, 160 Ariz. 489, 774 P.2d 228 (App.1989).

■ Conditions—general, special, or otherwise—which are presently inapplicable because they depend solely on the occurrence of future contingencies, are not within the purview of Rule 17. Stated differently, "[d]efendants need not be advised of every single possibility regarding sentencing." *Bryant*, 133 Ariz. at 299, 650 P.2d 1281; *see also State v. Young*, 112 Ariz. 361, 542 P.2d 20 (1975) (defendant need not be informed that he must register as a sex offender). Instead, "[t]he law requires that a plea be made voluntarily, *i.e.*, 'with sufficient awareness of the *relevant* circumstances and *likely* consequences.'" *State v. Crowder*, 155 Ariz. 477, 480, 747 P.2d 1176, 1179 (1987) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). This standard is described in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and our Rule 17.

In this case we are unable to discern how defendant's waiver could be influenced by contingencies which had yet to occur and were not otherwise contemplated by anyone when the plea was accepted and petitioner sentenced. As this condition was inapplicable, and indeed irrelevant, to the proceedings before the trial court, any discussion of these matters would have added nothing to defendant's intelligent, knowing, and voluntary waiver. Conversely, the ab-

---

* A.R.S. § 41–1604.06(F) provides that "placement of a prisoner in a noneligible parole class ... shall result in an increase in the period of time the prisoner must serve before reaching his earliest parole eligibility date."

sence of discussion detracted nothing from that waiver.

BROOKS and LANKFORD, JJ., concur.