859 P.2d 737

**STATE of Arizona, Appellee,**

v.

**Louis Arnold ROWAN, Appellant.**

**No. CR–92–0495–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 30, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Phoenix, Eric J. Olsson, Tucson, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Brian X. Metcalf, Deputy Public Defender, Tucson, for appellant.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

A jury convicted Louis Arnold Rowan (defendant) of keeping or maintaining a house of prostitution in violation of A.R.S. § 13–3208(B), and of transporting a person for purposes of prostitution in violation of A.R.S. § 13–3210. Defendant then admitted a prior felony conviction, waiving a jury trial on that allegation. At sentencing, the trial court found that defendant had committed the current offenses while on probation. Defendant received two concurrent three-year terms which, because of his probationary status when the crimes were committed, must be served on a flat time basis. The court of appeals reversed his conviction for unlawful transportation and affirmed his conviction for keeping or maintaining a house of prostitution. That court remanded for further proceedings, holding that the trial court had failed fully to advise the defendant of the effect of his admission of a prior felony.

We granted the state's petition for review of that portion of the opinion holding that the trial court had inadequately advised defendant of the effect of his admission to the prior felony. We also granted defendant's cross-petition for review, which raised two issues: whether there was sufficient evidence on the charge of maintaining a house of prostitution, and whether the trial court abused its discretion by admitting into evidence a newspaper containing an ad for massages that led to defendant's arrest. On full review of the record, we agree with the court of appeals' disposition of those two issues and now dismiss the cross-petition as improvidently granted. We have jurisdiction pursuant to Ariz.

Const. art. 6, § 5(3), Ariz.R.Crim.P. 31.19, and A.R.S. § 12–120.24.

We hold that defendant's admission to a prior felony conviction was voluntarily entered after the trial court properly advised defendant of the consequences of the admission.

## FACTS

After the jury returned guilty verdicts, the defendant indicated his desire to admit the allegation of a prior conviction. The trial court, proceeding pursuant to Ariz. R.Crim.P. 17.6, explained to defendant that such an admission would preclude probation, increase the range of sentencing from 1 to 2.5 years to 2 to 4 years, and require that at least half of the sentence actually imposed be served. Defendant waived his right to a jury trial and admitted the prior felony conviction. The trial court accepted the admission. At sentencing, the trial court also found that defendant was on probation at the time he committed the current offenses. Thus, pursuant to A.R.S. § 13–604.02(B), the court imposed concurrent, presumptive sentences, which defendant must serve day-for-day. One of those convictions was set aside by the court of appeals and is no longer at issue.

## ISSUE PRESENTED FOR REVIEW

Whether defendant's waiver of a jury trial and admission of a prior felony conviction was involuntary because the trial court did not advise defendant of the consequences if the trial court also found that defendant was on probation when the present offense was committed.

## ADMISSION OF PRIOR FELONY

Defendant argued in the court of appeals that his admission to a prior felony was faulty because the trial court did not advise him of the consequences of a possible finding that he was on probation at the time he committed the instant offense. The court of appeals agreed and held that the trial

court violated Rule 17.2(b) because defendant was not told of the "statutorily mandated day-for-day sentence he faced if the court found . . . that he was on probation at the time of the instant offenses." *State v. Rowan*, 174 Ariz. 285, 290, 848 P.2d 864, 869 (App.1992). The court of appeals remanded the case for an evidentiary hearing to determine whether defendant understood the effect of a later finding of probationary status.

Although the court of appeals found *State v. Rushing*, 156 Ariz. 1, 749 P.2d 910 (1988), distinguishable, we find it dispositive. In *Rushing*, the defendant waived his right to a jury trial and admitted to the state's allegation of prior felony conviction. 156 Ariz. at 3, 749 P.2d at 912. The trial court carefully and accurately explained how the admission, if accepted, would increase the range of sentence. On appeal, defendant contended that his admission was faulty because the trial court had not explained that any sentence he received would be consecutive to any sentence he received on his probation revocation if he was found to have committed the new crime while on probation. A.R.S. § 13–604.02(B).[1]

*Rushing* held, however, that the admission to the prior felony was unrelated to the trial court's separate finding that the defendant was on probation. 156 Ariz. at 4, 749 P.2d at 913. Additionally, the prior felony conviction allegation was triable to a jury; defendant's status as a probationer was a separate issue triable by the judge.

The court of appeals' reliance on Rule 17.2(b) is misplaced. Rule 17.2(b) requires the court, before accepting a plea, to inform the defendant of the "nature and range of possible sentence for the *offense to which the plea is offered,* including any special conditions regarding sentence, parole, or commutation imposed by statute." (Emphasis added.) Rowan admitted a prior felony and was properly and fully advised of the consequences of that admission. It

---

1. The mandatory consecutive sentencing provisions of A.R.S. § 13–604.02(B) are not implicated in the present case because defendant's probation apparently was merely terminated without any additional *in futuro* sentence. *See* record, p. 124.

was the court's independent finding that Rowan was on probation at the time of the instant offense, *not* his admission of a prior felony conviction, that triggered A.R.S. § 13–604.02(B), requiring that the sentence be served day-for-day. *See Rushing*, 156 Ariz. at 3, 749 P.2d at 12. The finding that defendant was on probation at the time of the instant offense was "inapplicable, and indeed irrelevant, to the [prior felony conviction] proceedings before the trial court[;] any discussion of these matters would have added nothing to defendant's intelligent, knowing, and voluntary waiver. Conversely, the absence of discussion detracted nothing from that waiver." *State v. Henderson*, 165 Ariz. 186, 187–88, 797 P.2d 725, 726–27 (App.1990).

The court of appeals also cited *State v. James*, 126 Ariz. 353, 615 P.2d 650 (App. 1980), and *State v. Rodriguez*, 126 Ariz. 104, 612 P.2d 1067 (App.1980), which are distinguishable. Both cases held the trial court violated Rule 17.2(b) by not informing the defendant of special statutory consequences of pleading guilty to a dangerous offense. *James*, 126 Ariz. at 354, 615 P.2d at 651; *Rodriguez*, 126 Ariz. at 106, 612 P.2d at 1069. In each case, the statutory conditions were imposed because of the nature of the *offense to which defendant pleaded guilty. See* A.R.S. § 13–604(G). Rule 17.2(b) properly applies in those cases. Conversely, in this case as in *Rushing*, the special conditions result from defendant's probation status, not from the prior felony conviction that defendant admitted.

To restate and clarify our holding in *Rushing*, the prior felony conviction finding is independent from and unrelated to the finding that defendant was on probation when he committed the instant offense, even if the prior conviction and the probation relate to the same offense.

## CONCLUSION

The trial court properly advised the defendant of the consequences of his admission to a prior felony conviction. Defendant's waiver of his right to a jury trial and his admission to that allegation was voluntary. That portion of the court of appeals opinion entitled "Admission of Prior Conviction" is vacated, as is its order remanding for an evidentiary hearing. The cross-petition for review is dismissed.

CORCORAN and MARTONE, JJ., concur.

FELDMAN, Chief Justice, concurring and dissenting.

I concur with the decision to vacate that portion of the court of appeals' opinion holding that the trial court insufficiently advised Defendant of the consequences of his admission to a prior felony conviction. I dissent, however, from the majority's dismissal of the cross-petition for review.

There was little evidence to convict Defendant of *knowingly* operating or maintaining a prostitution enterprise. The record here simply shows that Defendant worked at the beeper service, took the call, arranged for a paid "full body massage," drove a woman co-employee to the motel, and let her out of the car. The woman then performed a sexual act on an undercover police officer. *State v. Rowan*, 174 Ariz. 285, 287, 848 P.2d 864, 866 (Ct.App. 1992). These facts logically support an inference that Defendant's employer was engaged in providing commercial sexual services, although Defendant admittedly never discussed or referred to prostitution acts. *Id.* On the other hand, there is no direct evidence that the employer did not also provide actual massage services, that Defendant was anything more than a low-level employee, or that he *knew* that the woman he took to the motel would take illicit liberties with the "client."

Thus, sufficiency of the evidence on at least guilt was a close call because the facts—or want of them—inevitably raise a reasonable doubt whether Defendant *knew* that he was working in or for a prostitution enterprise. The statute requires as an element of the crime that Defendant acted "knowingly." *See* A.R.S. § 13–3208(B).

In this context, and *assuming* the evidence was sufficient to take the case to the jury, admission of the newspaper was an

egregious error that deprived Defendant of a fair trial. The ad for Ginger's Beeper Service was rather innocuous, offering "a great massage and a wonderful smile" with "prompt courteous srevice [sic]." However, this ad appeared in *Tucson Tonite,* which the court of appeals accurately described as:

> [A] newspaper replete with sex-related stories and listings of sex-related services or activities. It contains photographs of partially clad women in sexually provocative poses and other advertisements that explicitly offer and seek sexual relations. It also advertises sexually explicit books, videos, and novelties.

*Id.* at 289, 848 P.2d at 868.

The state moved to admit the *entire* edition of *Tucson Tonite* in which the ad appeared. Defense counsel objected, arguing that the full newspaper was irrelevant and needlessly prejudicial, and that there was no foundation that Defendant had anything to do with creating or placing the ad in this newspaper. If the ad were to be admitted, defense counsel asked the court to have it cut out and presented in isolation. The trial court overruled the objections and admitted the entire newspaper. *Id.* at 290, 848 P.2d at 869.

The newspaper should not have been admitted. First, there was no connection between Defendant and the newspaper. There was no evidence that he wrote the ad, put it in the newspaper, or even knew the paper existed. All we know is that Defendant worked at the business that was the ad's subject. The record does not establish who wrote the ad or placed it in this paper. In a prosecution against the owners or operators of the business, the ad might have some relevance, but no meaningful link to Defendant was ever made.

Second, even if the ad were realistically tied to Defendant, the ad itself was enough. The court of appeals' description shows the newspaper was graphic and risque. While the ad offers no sexual services, the newspaper suggests that orientation. If the jury connected the randy newspaper with Defendant, he would be tainted with the same brush as the newspaper and guilty by association.

Whatever the relevance of the newspaper ad, the introduction of the whole newspaper unfairly and needlessly prejudiced Defendant. Although the newspaper was apparently introduced before the undercover officer related the manipulations he had endured in the line of duty, his testimony would soon show that the massage was sexual. The newspaper was therefore not needed, as the trial and appellate courts claimed, to "[c]omplete the [officer's] story to the jury." *Id.* The jury would soon have the full details and could decide from the undercover officer's direct testimony on the massage's nature. The newspaper was thus unconnected and unfairly prejudicial to Defendant and a cumulative and absurdly circumspect way to establish the obvious nature of the massage.

For these reasons, I would grant Defendant's cross-petition. Given that the evidence on prostitution against him was not overwhelming, the newspaper's admission in evidence was so prejudicial that it fatally tainted the state's prosecution. I must respectfully dissent.

ZLAKET, J., concurs.