561 P.2d 315

**STATE of Arizona, Appellee,**

v.

**Douglas Wayne HICKEY, Appellant.**

**No. 3642.**

Supreme Court of Arizona,
In Banc.

March 2, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Thomas R. McCowan, Prescott, for appellant.

HOLOHAN, Justice.

The defendant, Douglas Wayne Hickey, was tried and convicted of petty theft with a prior conviction. He was sentenced to confinement for three to five years in the Arizona State Prison. The defendant's probation for the prior conviction of burglary was revoked, and he was sentenced to confinement for three to five years, to run concurrently with the sentence already imposed. The defendant appeals from both the petty theft conviction and the probation revocation. We took jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S., and consolidate the appeals.

The defendant presents four issues for our consideration:

I. Was the accomplice's testimony corroborated?

II. Was the defendant's extrajudicial statement admissible?

III. Is the statute providing for increased punishment for petty theft with a prior conviction constitutional?

IV. Should the defendant's probation have been revoked?

The evidence presented at trial was that the defendant and a friend, Wayne Dickinson, were drinking together on the evening of December 26, 1975. They planned to go hunting the following day. Late in the night of the 26th they began driving around the area of Camp Verde, Arizona. Dickinson was driving the two in his Ford Bronco. Finding that the vehicle was low on gas, Dickinson drove to an area occupied by the road equipment of Skousen Construction Company. While Dickinson siphoned some gas from one of the construction company vehicles, the defendant piled some cases of motor oil and other items into the bed of a Skousen pickup truck which was parked nearby. After Dickinson had secured gas for his vehicle he drove away from the site,

and the defendant drove off in the Skousen pickup truck. The two men met a few miles from the equipment storage site and transferred the stolen items from the pickup truck to the Dickinson vehicle. Both the defendant and Dickinson drove around in the Skousen vehicle until they wrecked it. They abandoned the pickup truck and left the area in Dickinson's vehicle.

The defendant claims he was convicted solely on the uncorroborated testimony of an accomplice contrary to the requirements of A.R.S. § 13–136.* The primary requirement of the statute is that there be some evidence, direct or circumstantial, which is legally sufficient to lend credibility to the statements of the accomplice. It must be evidence which affords the jury a sufficient basis for believing the testimony of the accomplice. *State v. Sheldon*, 91 Ariz. 73, 369 P.2d 917 (1962).

The corroborating evidence established that the theft occurred between midnight and 7:00 in the morning. The Skousen night watchman made his last inspection near midnight, and he discovered the pickup and other items missing when he arrived at 7:00 a. m. The defendant and Dickinson were seen together in the Ford Bronco shortly after midnight by a Deputy Hopper. When questioned by Deputy Huff the defendant claimed he went home before midnight, the 26th, but the defendant changed his story when confronted with the fact of the encounter with Deputy Hopper. The defendant then claimed he went home around 1:00 o'clock a. m.

It was reasonable for the jury to conclude that at least two men were involved in the theft. Dickinson was driving one vehicle, and a second vehicle was taken which was abandoned several miles from the place of the theft. The fact that the vehicle had been wrecked was confirmed by independent witnesses.

■ The circumstances surrounding the theft plus the defendant's attempt to fabricate his time of arrival at home lend cre-

dence to the testimony of Dickinson and were legally sufficient to prove the corroboration required by the statute.

■ Defendant's second contention is that his extrajudicial statement was admitted into evidence and commented upon in the prosecutor's final arguments. A deputy sheriff testified that when he was transporting the defendant from Mayer to Camp Verde the latter asked him, "what kind of a deal they gave informants." The defendant alluded to a burglary which had taken place in Camp Verde.

The defendant claims that the introduction of that statement was an improper reference to a prior bad act and to an attempted plea bargain. He does not claim that the statement was in any way involuntary or in response to police interrogation.

The statement was not a reference to a prior bad act of the defendant. The defendant did not imply that he himself participated in the Camp Verde burglary, but only that he might know who did. Neither was the statement an improper reference to an attempted plea agreement. The deputy sheriff who testified was not empowered to enter into plea negotiations on behalf of the prosecutor. Moreover, the deputy made no offer or promise to the defendant. The defendant's spontaneous statement was an admission against interest which was properly admitted under the well-recognized exception to the hearsay rule. *State v. Reynolds*, 108 Ariz. 541, 503 P.2d 369 (1972). The trial court's finding that the statement was voluntary and admissible was correct.

■ The defendant's third issue is that the provisions of A.R.S. § 13–1649 which allow a court to impose enhanced punishment for petty theft with a prior felony conviction are in violation of the Arizona and Federal Constitutions. The defendant has not cited any authority to support his argument. On the other hand, there is abundant authority for the proposition that state legislatures possess broad discretion to define criminal offenses and prescribe pen-

---

* This statute, in effect at the time of the defendant's trial, has since been repealed. Ch. 116,

§ 1, Session Laws 1976, 32d Leg., 2d Reg. Sess. (1976).

alties therefor. *State v. Wadsworth,* 109 Ariz. 59, 505 P.2d 230 (1973). *See* 16A C.J.S. *Constitutional Law* § 564 and 16 Am. Jur.2d *Constitutional Law* § 505. The classification of offenses which would make a person eligible for enhanced punishment was based upon a legislative judgment about: 1st, the degree of harm posed to society as a whole by particular acts; 2nd, the severity of the penalty necessary to punish and deter those who cause the harm. We do not find the classification of the offenses listed in the statute to be arbitrary or irrelevant to the achievement of legitimate state objectives.

The defendant's final point challenges the legal sufficiency of the revocation of his probation for the prior felony conviction. His main contention is that his conviction for petty theft was not proper, and there is no substantial evidence to establish a violation of probation. Since we find that the conviction for petty theft was legally correct, this provides a substantial basis for the probation revocation.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.