606 P.2d 827

STATE of Arizona, Appellee,

v.

Richard Lawson POLING, Appellant.

No. 1 CA–CR 4094.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 27, 1979.

Rehearing Denied Feb. 5, 1980.

Rehearing Denied Feb. 20, 1980.

---

1.  A.R.S. Sec. 13–702(D) sets forth the aggravating circumstances which the trial court may consider.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., and Lynn T. Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Chief Judge.

In this appeal we must determine if the trial judge erred in the manner in which he determined there were aggravating circumstances sufficient to deviate from the statutory presumptive sentences. The appellant/defendant, Richard Lawson Poling, alleges the trial judge failed to comply with the provisions of A.R.S. § 13–702 when he sentenced defendant in excess of the presumptive sentences. A.R.S. § 13–702(C) requires that any reduction or increase in the presumptive sentence:

". . . may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the trial judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing."

Under a plea agreement, the defendant pled no contest to Count I, sexual assault; guilty to Count II, attempted sexual assault; and guilty to Count III, sexual assault.

After a presentence hearing, where evidence was presented in mitigation and aggravation, the defendant was sentenced to a term of twelve years on each of the sexual assault counts and to a term of ten years on the attempted sexual assault, with all terms to run concurrently. The sentences were all in excess of the presumptive sentences, which were seven years on the sexual assault charges and five years on the attempted sexual assault charge. A.R.S. § 13–701(B).

Any increase or reduction in the presumptive sentence shall be based on aggravating or mitigating circumstances as set out in subsections D and E of A.R.S. § 13–702. These subsections read as follows:

"D. For the purpose of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following aggravating circumstances:

1. Infliction or threatened infliction of serious physical injury.

2. Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime.

3. If the offense involves the taking of or damage to property, the value of the property so taken or damaged.

4. Presence of an accomplice.

5. Especially heinous, cruel or depraved manner in which the offense was committed.

6. The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

7. The defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value.

8. At the time of the commission of the offense, the defendant was a public servant and the offense involved conduct directly related to his office or employment.

9. Any other factors which the court may deem appropriate to the ends of justice."

"E. For the purpose of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following mitigating circumstances:

1. The age of the defendant.

2. The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly

impaired, but not so impaired as to constitute a defense to prosecution.

3. The defendant was under unusual or substantial duress, although not such as to constitute a defense to prosecution.

4. The degree of the defendant's participation in the crime was minor, although not so minor as to constitute a defense to prosecution.

5. Any other factors which the court may deem appropriate to the ends of justice.

In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term."

The defendant contends we must set aside his sentences and remand for resentencing because the trial judge failed to give specific reasons and make specific findings relative to the aggravating and mitigating factors he considered in the sentencing. The defendant concedes that the trial judge did consider and make a finding that the aggravating circumstances outweighed the mitigating.

A review of the record of the presentence hearing discloses that the defendant called a psychiatrist and a psychiatric social worker who both testified the defendant would benefit from further psychiatric care. The psychiatrist further testified that the defendant could still be potentially dangerous even after treatment. The victim, a young mother, testified as to the sexual attack upon her and to her belief that the defendant would have killed her if she had not managed to escape. She further testified that she had not recovered mentally and that the experience had damaged her and her family.

In this case the trial judge had the presentence report together with the testimony presented at the presentence hearing. At the conclusion of the testimony, the judge in open court, with his statements being recorded by the court reporter, stated this was a difficult case with many factors to be considered in the sentencing. He then proceeded in a conversational manner to state what factors he was considering in the determination of what sentences should be imposed. To set the tone of the judge's findings and conclusions, we are lifting certain pertinent portions of his remarks taken from the record at the time of sentencing. The trial judge found mitigating circumstances when he said:

"[T]his is your first really serious offense that you have committed and when you study the background and your life history, you see the psychological roots that resulted in this type of behavior, and with proper psychiatric treatment there is no question that it can often be cured or alleviated; sometimes not."

The judge also found aggravating circumstances when he said:

"[T]his was a very brutal type of assault and I'm sure she is going to be affected for many years . . .. It was a horrible thing and the effects are still visible and it has drastically changed her style of life and living habits and feeling of security which all parties here should have."

The judge then balanced the mitigating circumstances against the aggravating circumstances and stated:

"So I do feel that the aggravating circumstances way overwhelm any mitigating circumstances."

While the trial judge did not specifically state he had considered the five categories listed in mitigation under A.R.S. § 13–702(E), and did not apply a finding of fact to a particular listed mitigating circumstance, we do find he in substance considered factors involved in the defendant's "capacity to appreciate the wrongfulness of his conduct" as set forth in (E)2., and that "the defendant was under unusual or substantial duress" as set forth in (E)3. The judge did this when he stated he had studied the appellant's life history and background and that from such study he could see the psychological roots responsible for the appellant's behavior problem. Under (E)5., the judge can also consider "Any oth-

**12**

er factors which the court may deem appropriate to the ends of justice." The fact found by the court that "this is your first really serious offense" clearly is a factor to be considered under (E)5.

The judge followed a similar format in his determination of aggravating circumstances. The finding that "this was a very brutal type of assault and I'm sure she is going to be affected for many years" could be classified under A.R.S. § 13–702(D)1. as an "Infliction or threatened infliction of serious physical injury." The judge under (D)9. can also consider "Any other factors which the court may deem appropriate to the ends of justice." The fact found by the court that "it was a horrible thing and the effects are still visible and it has drastically changed her style of life and living habits and feeling of security" is clearly a factor under (D)9. which the court may deem appropriate to consider to the ends of justice.

To avoid similar appeals, it would be better practice for a trial judge to state in the more precise terms of the statute that he has found certain specific circumstances in aggravation or mitigation to be true and to thereafter make "factual findings and reasons in support of such findings." *See* A.R.S. § 13–702(C). *See also State v. Winans,* 124 Ariz. 502, 605 P.2d 904 (App.1979). However, it is our opinion that the trial judge in this case has in substance complied with the statutory sentencing requirements. Consequently, this case should not be remanded for further sentencing.

The judgments and sentences are affirmed.

EUBANK, P. J., and YALE McFATE, J., retired, concur.