612 P.2d 1067

**STATE of Arizona, Appellee,**

v.

**Michael John RODRIGUEZ, aka Robert Rodriquez, aka Milo Rodriguez, Appellant.**

**No. 1 CA–CR 4186.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 7, 1980.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division, Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by David Brauer, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Chief Judge.

The appellant/defendant, Michael John Rodriguez, raises two issues in this appeal. The defendant alleges that his guilty plea was not knowingly and intelligently made because the trial court did not inform him of special sentencing conditions. The defendant also contends that he was improperly sentenced under the new criminal code.

The defendant was charged on January 12, 1979 with one count of first degree murder and two counts of aggravated assault with a gun. Under the terms of a plea agreement, the defendant entered a plea of guilty to the two counts of aggravated assault with a gun, and the murder charge was dismissed. The trial court sentenced the defendant to concurrent terms of fifteen years in the Arizona State Prison.

The parties to this appeal agree that the presumptive sentence for a class 3 felony is five years. A.R.S. § 13–701(B)(2). They further agree that under the provisions of § 13–604(G) (dangerous offender), the sentencing range is increased to from 5 to 15 years with the presumptive sentence set at 7½ years (three-fourths of the median of the allowable range).

## THE PLEA ISSUE

As stated in the plea agreement, the defendant agreed to plead to "Cts. II & III, Aggravated Assault, Class 3 Felonies in violation of A.R.S. 13–1204(A)(2), (B), 13–1203(A)(1), 13–701, 13–702, 13–801 and 13–604(G) and 13–604(K)." The plea agreement further stated there were no special conditions regarding sentence, parole or commutation of sentence. Although the plea agreement expressly states there are no special conditions regarding sentence, the plea agreement also had the defendant pleading to a violation of A.R.S. § 13–604(G), which reads:

Upon a first conviction of a class 2 or 3 felony involving use or exhibition of a deadly weapon or dangerous instrument or upon conviction of a class 2 or 3 felony when the intentional or knowing infliction of serious physical injury upon another has occurred, the defendant shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted, and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served.

■ It is clear from the record and conceded by the state that there were in fact special conditions of sentencing which were never set forth in either the plea agreement or explained by the trial court at the time the plea was taken. The defendant was never advised that under the provisions of

A.R.S. § 13–604(G) he would "not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served."

Rule 17.2, 17 A.R.S., Rules of Criminal Procedure, requires that:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \* \* \* \*

b. The nature and range of possible sentence for the offense to which the plea is offered, *including any special conditions regarding sentence, parole, or commutation imposed by statute.* (emphasis added).

Under the decision of *State v. Ellis*, 117 Ariz. 329, 572 P.2d 791 (1977), a guilty plea taken in violation of the terms of rule 17.2 must be vacated or the case remanded to determine if the defendant was actually aware of the special sentencing provisions at the time he entered his plea.

We find the plea, as taken in this case, to be in violation of rule 17.2, 17 A.R.S., Rules of Criminal Procedure.

## THE SENTENCING ISSUE

The defendant alleges he was improperly sentenced under the provisions of the new criminal code. He contends that at the time judgment of guilt was entered, the court failed to make an express determination that the defendant was guilty of a "dangerous" felony as set out in the information under A.R.S. § 13–604(G). As noted earlier in this opinion, this section of the criminal code pertains to "dangerous offenders" and provides for special and increased punishment. The defendant further argues that since the court made no finding the defendant was a "dangerous offender" under A.R.S. § 13–604(G), the

defendant could only be sentenced to a term of five years, the presumptive sentence provided for third class felonies by A.R.S. § 13–701.

■ The state argues that when the dangerous nature of a felony is charged and found under the provisions of A.R.S. § 13–604, there is no requirement for the trial court to make an express determination that the crime is a dangerous nature felony and that the defendant is a dangerous offender. We agree. The defendant entered a plea to a violation of A.R.S. § 13–604, and the court found the defendant had used a gun to cause physical injury. This was sufficient to authorize the court to impose the increased punishment under A.R.S. § 13–604.

In a supplemental brief, the defendant raises an additional issue. He contends there was some form of double punishment involved when he was given increased punishment under the provisions of A.R.S. § 13–604(G). A.R.S. § 13–604(G) permits increased punishment for a class 3 felony if a deadly weapon or a dangerous instrument is used or when the intentional or knowing infliction of serious physical injury has occurred. The defendant argues that as to Count Three, there was no evidence to support an aggravated assault other than the fact a gun was used in the crime. Therefore, with respect to Count Three, the fact used to establish the aggravated assault is the same fact used to establish the dangerous nature of the offense. When you exclude the fact (use of a gun) necessary to establish the aggravated assault under A.R.S. § 13–1204, there is nothing left to base a charge under A.R.S. § 13–604(G) (dangerous offender). As authority for this argument, the defendant relies upon A.R.S. § 13–116, which provides in part:

An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.[1]

---

1. This statute replaced A.R.S. § 13–1641 which provided:

An act or omission which is made punishable in different ways by different sections of the

■ This statute was not designed to cover the increased punishment as imposed here but was designed to protect a defendant from double punishment when he has been found guilty of two or more crimes all arising from the same fact situation. *State v. Howes*, 109 Ariz. 255, 508 P.2d 331 (1973); *State v. Zamora*, 114 Ariz. 75, 559 P.2d 195 (App.1976).

■ We see nothing in this double punishment provision that would prevent the legislature from enhancing the punishment for an aggravated assault when a gun is used in the perpetration of the assault. An aggravated assault can be accomplished without the use of a gun.

■ It is the legislature's prerogative to define crimes and to prescribe the fitting punishment for those crimes. *State v. Hickey*, 114 Ariz. 394, 561 P.2d 315 (1977). It is our opinion that the sentencing provisions, which were adopted at the same time as the chapters defining the substantive offenses, show the clear intent of the legislature to authorize the imposition of the increased punishment under § 13–604(G) to an aggravated assault where a gun is used.

The defendant's final argument is that even if the trial court had the authority to impose the 15 year sentence, there was error in the manner in which it was imposed. He contends the trial court failed to make a finding of aggravating or mitigating circumstances as required under the provisions of A.R.S. § 13–702(C). That section reads:

> The upper or lower term imposed pursuant to § 13–604 or subsection A or B of this section may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and *factual findings and reasons in support of such findings*

laws may be punished under either, but in no event under more than one.

2. Until the entire legal community becomes familiar with the sentencing ritual under the new

> are set forth on the record at the time of sentencing. (emphasis added).

In the recent case of *State v. Poling*, 125 Ariz. 9, 606 P.2d 827 (App.1979), this court considered what a trial judge must do in making a sentencing determination which deviates from a presumptive sentence. While we found substantial compliance with the statutes in *Poling*, we did note that "it would be better practice for a trial judge to state in the more precise terms of the statute that he has found certain specific circumstances in aggravation or mitigation to be true and to thereafter make 'factual findings and reasons in support of such findings.'" 125 Ariz. at 14, 606 P.2d at 830.

■ In this case, unlike *Poling*, there was no serious attempt made to make any findings in aggravation or mitigation prior to the imposition of the maximum fifteen year sentence on each count.[2] The trial judge did make the following statement after pronouncing sentence: "The reasons for my sentence in this case, while they seem—may seem harsh, certainly, to the family, I'm sure are set forth in the pre-sentence investigation report." We find no substantial compliance with the sentencing provisions of A.R.S. § 13–702(C) in this case.

In light of the errors in the taking of the plea and in the ultimate sentencing, we must reverse this case. The plea is therefore set aside and the judgment and sentence imposed are vacated. The case is remanded for disposition consistent with this opinion and all former charges are reinstated.

EUBANK, P. J., Department B, and O'CONNOR, J., concur.

code, we can only extend our sympathy to any trial judge who must unravel the complex sentencing provisions.