687 P.2d 1292

**STATE of Arizona, Appellee,**

v.

**Richard Garcia TORREZ, Appellant.**

**No. 1 CA–CR 6994.**

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 11, 1984.

**538**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Arthur Hazelton, Deputy Public Defender, Phoenix, for appellant.

## OPINION

BROOKS, Presiding Judge.

The issue in this appeal is whether appellant was properly sentenced to maximum terms of imprisonment both as a recidivist pursuant to A.R.S. § 13–604(C) and, also as a parole violator under A.R.S. § 13–604.-01(B).

## FACTS

Appellant and a co-defendant were charged in a four count indictment with burglary in the third degree, a class 5 felony; theft, a class 6 felony; and two counts of endangerment alleged as danger-ous class 6 felonies. The state also filed allegations of two prior felony convictions. Appellant thereafter entered a plea of guilty to all four counts pursuant to a plea agreement which provided for the state's dismissal of the allegation of dangerousness applicable to the two counts of endangerment. Appellant also admitted that he had been previously convicted of the two prior felony offenses and that he had committed the current offenses while he was on conditional release from prison.

Appellant was thereafter sentenced to the maximum term for each of the offenses for which he had entered a plea of guilty. On count 1, third degree burglary, appellant was sentenced to serve six years imprisonment. On each of the remaining three counts, appellant was sentenced to four and one-half years imprisonment.[1] All of the sentences were ordered to run concurrently with each other, but consecutively to the maximum expiration date of the sentences previously imposed for his prior convictions of burglary and theft.

On appeal, appellant contends that the trial court erred in using his prior convictions both to enhance punishment for the current offenses and also to eliminate early release credits by transforming his current sentences to "flat time" to be served consecutively to the sentences previously imposed. Essentially, appellant's argument is two-fold:

1. This "double use" of the prior convictions violates principles of double punishment and double jeopardy.

2. A.R.S. § 13–604.01(B), Laws 1982, Ch. 322, § 2, Amended by Laws 1983, Ch. 32, § 1 impliedly repealed A.R.S. § 13–604(C), Laws 1982, Ch. 322, § 1.

## THE STATUTORY PROVISIONS

The relevant portion of A.R.S. § 13–604(C) provides:

a person ... who has been previously convicted of two or more felonies shall be

---

1. With two or more prior felony convictions, A.R.S. § 13–604(C) mandates a term of imprisonment of at least twice and no more than three times the presumptive sentence. The sentences imposed in this case are three times the presumptive sentence. See A.R.S. § 13–701.

sentenced to imprisonment for at least twice the sentence and not more than three times the sentence authorized by § 13–701 for the offense for which the person currently stands convicted and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until not less than two-thirds of the sentence imposed by the court has been served.

By its terms, the foregoing statute applies only to a person currently convicted of a class 4, 5 or 6 felony who has previously been convicted of two or more felonies. It is concerned solely with the person's prior convictions and the resulting enhancement of the sentence imposed for the current offense.

On the other hand, the focus of A.R.S. § 13–604.01(B) is not on the repetitive offender *per se*, but rather on the person who commits a felony while on conditional release from a previous conviction. The pertinent portion of that statute reads:

Notwithstanding any provision of law to the contrary, a person convicted of any felony offense not included in subsection A of this section if committed while the person is on probation for a conviction of a felony offense, or parole, work furlough or any other release from confinement for conviction of a felony offense shall be sentenced to a term of not less than the presumptive sentence authorized for the offense, and the person is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served. A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released.

## DOUBLE PUNISHMENT & DOUBLE JEOPARDY

We summarily dispose of appellant's contention that it was an improper "double use" of his prior convictions and constituted double jeopardy to both increase the sentencing range for the current offenses and then to eliminate early release credits by transforming the current sentences to "flat time." As authority for this argument, appellant relies upon A.R.S. § 13–116 which provides in part:

An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.

 This statute was designed to protect a defendant from double punishment when he has been found guilty of two or more crimes all arising from the same fact situation. It clearly has no application to the instant case. *See State v. Rodriquez*, 126 Ariz. 104, 612 P.2d 1067 (App.1980). Nor does the use of the prior convictions constitute double jeopardy. *See State v. LeMaster*, 137 Ariz. 159, 669 P.2d 592 (App. 1983); *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980). Statutes authorizing the infliction of more serious penalties on one who is a persistent offender do not create a new, separate, distinct, independent or substantive offense. *State v. Allen*, 111 Ariz. 125, 524 P.2d 502 (1974).

## IMPLIED REPEAL OF A.R.S. § 13–604(C)

Appellant argues that the legislature's enactment of A.R.S. § 13–604.01(B) repealed by implication A.R.S. § 13–604(C). He contends that the language of A.R.S. § 13–604.01(B) suggests legislative intent that it be the sole and definitive law governing the disposition of persons who commit a felony offense while on conditional release from confinement.

 The repeal by implication of one statute by another is not favored unless it is clear from the inherent inconsistency of the two statutes that the legislature intended that the earlier statute be repealed. In

*State v. Culver*, 103 Ariz. 505, 446 P.2d 234 (1968), our supreme court adopted the following as the controlling principles of statutory construction:

> Nor can the partial overlap of two statutes work a *pro tanto* repealer of the earlier Act. "It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible * * * The intention of the legislature to repeal 'must be clear and manifest.' * * * It is not sufficient * * * 'to establish that subsequent laws cover some or even all of the cases provided for by [the prior act]; for they may be merely affirmative, or cummulative, or auxiliary.' There must be 'a positive repugnancy between the provisions of the new law, and those of the old.'" *Rosenberg v. United States*, 346 U.S. 273, 73 S.Ct. 1152, 1163, 97 L.Ed. 1607, 1619.

446 P.2d at 236–37.

As previously noted, each of the statutes at issue focuses on different circumstances and imposes different sentencing requirements. Each can be applied independently and we find no "positive repugnancy" between these provisions. Indeed, the prior convictions used to enhance punishment pursuant to A.R.S. § 13–604(C) need not have even been the basis for the incarceration from which an accused was released from confinement when he committed the subsequent offense.

In this case, appellant is subject to the provisions of both statutes: § 13–604(C) requires that the sentences be enhanced and § 13–604.01(B) prohibits early release and requires that the sentences be consecutive to the sentences from which appellant had been temporarily released.

For the foregoing reasons the judgment of conviction and the sentences imposed are affirmed.

EUBANK and GREER, JJ., concur.