866 P.2d 886

**STATE of Arizona, Appellee,**

v.

**Joseph Starling GREENE, Appellant.**

**No. 1 CA–CR 91–1338.**

Court of Appeals of Arizona, Division 1, Department B.

July 29, 1993.

Review Granted on Issue A and Denied on other Issues Feb. 1, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

Several issues have been raised in this appeal, only one of which is worthy of being discussed in an opinion. *See Fenn v. Fenn,* 174 Ariz. 84, 847 P.2d 129 (App.1993). We therefore have disposed of other issues by memorandum decision and issue our opinion in this case on the issue whether a single "serious physical injury" that occurs in the course of committing sexual assault, aggravated assault, and kidnapping is sufficient to render all of these offenses "dangerous" for sentence enhancement purposes. We also determine whether making those sentences consecutive runs afoul of double punishment considerations.

## FACTUAL BACKGROUND

Late in the evening of December 31, 1985, T, then a 19-year old waitress at a Mesa restaurant, was sexually assaulted as she walked home from work. The assailant approached T from behind, grabbed her, then punched her repeatedly in the face. The assailant dragged T to bushes approximately 50 feet away. He sexually assaulted T by placing his fingers and his penis in her vagina. When he finished, the assailant apologized and stated, "I had a little too many Jack Daniels tonight." When T turned to look at the assailant, he kicked her in the face and told her, "Don't look at me, bitch. I told you not to look at me."

T hailed a passing police car. She gave a description of the assailant that included the fact he was wearing a plastic Hawaiian lei. Despite a prompt response from officers at a substation near the scene of the assault, police were unable to locate the assailant that night.

Five days later, a Mesa police officer responded to a domestic violence call at defendant's apartment. The apartment, in the same complex where T lived, was located near the scene of the sexual assault. The officer noted Hawaiian leis inside the apartment. Defendant was subsequently arrested. While defendant was in custody, a detective questioned him about the sexual assault of T. Defendant made a full confession, which was recorded on audiotape. Pursuant to a search warrant, a lei and a down vest were seized from defendant's apartment. At trial T testified that the vest resembled the one worn by her assailant.

Defendant was indicted on two counts of sexual assault, one count of aggravated assault, and one count of kidnapping. The state alleged that each offense was a dangerous offense, that defendant had a prior felony conviction, and that the offenses were committed while defendant was on probation.

The jury found defendant guilty of all charges as dangerous offenses and determined that he had previously been convicted of a felony. The trial court found that defendant was on probation at the time of the offenses. Pursuant to A.R.S. § 13–604.02(A), the court imposed sentences of life imprisonment on each count. The court ordered the sentences for the two sexual assaults to be served concurrently but ordered the sentences for aggravated assault and kidnapping to be served consecutively to each other and to the sexual assault sentences.

Defendant filed a timely notice of appeal. As previously indicated, this opinion deals solely with the sentencing issues.

## DISCUSSION

In contending that consecutive sentences of life imprisonment were improperly imposed, defendant makes a somewhat intricate two-part argument. First, he contends that the "serious physical injury" inflicted on T supported a finding of dangerousness only on his conviction for aggravated assault. As a result, he asserts that he must be resentenced on the remaining charges as non-dangerous offenses. Second, he alternatively argues that, if the infliction of that injury supported a finding of dangerousness on all four offenses, the imposition of consecutive sentences for aggravated assault and kidnapping was improper under *State v. Gordon,* 161 Ariz. 308, 778 P.2d 1204 (1989). We consider these arguments separately.

### 1. *Sentencing for "dangerous offenses."*

■ Defendant does not dispute that T suffered "serious physical injury," as defined by A.R.S. § 13–105, when she was punched and kicked during the assault.[1] However, he argues that the infliction of such an injury supported only the jury's finding that aggravated assault was a dangerous offense. To prove the kidnapping and sexual assault counts dangerous, defendant argues, the state was required to establish the infliction of separate "serious" injuries during each of those criminal acts.

This argument is novel but flawed in light of the relevant statutory language. The statute under which defendant was sentenced, A.R.S. § 13–604.02(A), applies to "a person convicted of any felony offense *involving* . . . the intentional or knowing infliction of serious physical injury upon another." (Emphasis added.) "Involving" is an expansive term that is clearly sufficient to connect the injury inflicted to each of the crimes at issue in this case. Specifically, by punching T, defendant was able to accomplish sexual intercourse "without consent" as required by the sexual assault statute. *See* A.R.S. § 13–1406(A). Similarly, inflicting the punching injury to T enabled defendant to effect the element of "restraint" required for kidnapping. *See* A.R.S. § 13–1304(A). We therefore hold that the trial court could properly consider the serious physical injury as being "dangerous" so as to enhance all of the offenses.

### 2. *Propriety of consecutive sentences.*

■ In challenging the imposition of consecutive life sentences, defendant does not argue that the facts surrounding the assault of T mandated concurrent sentences under A.R.S. § 13–116[2] and *State v. Gordon.* We have no difficulty in concluding that such an argument would fail because the offenses for which consecutive sentences were imposed— aggravated assault and kidnapping—did not constitute a single "act" under the test elaborated in *Gordon.* Rather, defendant directs his argument to the issue of sentence enhancement. He contends that, if the infliction of a single "serious physical injury" is sufficient to make all four offenses "dangerous," then the "act" of inflicting those injuries may not be punished by imposition of consecutive sentences.

■ This argument, however, ignores the fact that the protection of A.R.S. § 13–116 against consecutive sentences, defined in *Gordon,* does not apply to sentence enhancement. We have made this clear in response to a variety of challenges. In *State v. Rodriguez,* 126 Ariz. 104, 106–07, 612 P.2d 1067, 1069–70 (App.1980), we rejected the contention that A.R.S. § 13–116 was implicated in a prosecution where the defendant's use of a gun established both his guilt of aggravated assault and the dangerousness of the offense. We stated:

---

1. Under A.R.S. § 13–105(31):

> "Serious physical injury" includes physical injury which creates a reasonable risk of death, or which causes serious and permanent disfigurement, or serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb.

A doctor who treated T testified at trial that she suffered an open nasal fracture. T testified that her nose was still fractured and that at the time of trial, five and one-half years after the attack, she continued to suffer nosebleeds. She also testified that the shape of her nose was "completely changed," and that she suffered a scar on her nose as a result of the fracture.

2. In pertinent part, A.R.S. § 13–116 provides:

> An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. . . .

This statute was not designed to cover the increased punishment as imposed here but was designed to protect a defendant from double punishment when he has been found guilty of two or more crimes all arising from the same fact situation.

*Id.* at 107, 612 P.2d at 1070. *See also State v. Torrez,* 141 Ariz. 537, 539, 687 P.2d 1292, 1294 (App.1984) (rejecting application of statute when prior conviction was used to increase sentencing range and as basis for enhancement due to release status).

The case most closely on point is *State v. Roberts,* 131 Ariz. 519, 642 P.2d 864 (App. 1981), *approved in part, vacated on other grounds,* 131 Ariz. 513, 642 P.2d 858 (1982). Our analysis in that case bears repeating here:

Appellant contends that it was unlawful for the trial court to impose consecutive sentences. He argues that A.R.S. § 13–116 precluded the trial court from imposing consecutive sentences where the use of the gun was relied upon pursuant to A.R.S. § 13–604 to enhance the sentences. He asserts that A.R.S. § 13–604 establishes the use of a gun as an additional element, act, or omission in the commission of a crime.

\*  \*  \*  \*  \*  \*

Appellant asserts therefore that his dangerous act, the use of the gun, precludes consecutive sentences. A.R.S. § 13–116 prohibits multiple punishment for a single act, and applies only where the same act violates more than one statute. *State v. Arnold,* 115 Ariz. 421, 565 P.2d 1282 (1977). A criminal defendant convicted of two separate crimes involving different acts may be given consecutive sentences. A.R.S. § 13–708.

In the instant case, appellant was convicted of two separate crimes: kidnapping with use of a gun, and extortion with the use of a gun. The kidnapping was established by the evidence that appellant had held [the victim] at gunpoint with the intent to hold him for ransom or to aid in the commission of extortion. The extortion was established by appellant's attempt while exhibiting a gun to obtain money from [the victim's family members] by threatening to harm [the victim] if they did not obtain the money. *Thus, the use of the*

*gun in each crime enhanced the sentence imposed as to each crime, but it did not define a separate offense. Each of these crimes was established by different acts, and each of them was a dangerous nature felony. Thus, the trial court did not violate A.R.S. § 13–116 in imposing consecutive sentences.*

*Id.* at 522, 642 P.2d at 867 (emphasis added). Similarly, the evidence in this case established four separate offenses, each of a dangerous nature. The court imposed the mandatory enhanced sentence of life imprisonment on each one. We find nothing in *Gordon,* which did not consider sentence enhancement in its analysis of A.R.S. § 13–116, that would cause us to deviate from our conclusion in *Roberts.* The consecutive sentences were properly imposed.

### CONCLUSION

Pursuant to A.R.S. § 13–4035, we have reviewed the entire record on appeal. We find no fundamental error. Defendant's convictions and sentences are affirmed.

GERBER, P.J., and TOCI, J., concur.