RYAN, Justice,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 36 The court of appeals in State v. Ramirez, 190 Ariz. 65, 69, 945 P.2d 376, 380 (App.1997), held that the 1978 statutory definition of premeditation, along with the instruction that premeditation may be as instantaneous as successive thoughts of the mind, “obliterates any meaningful difference between first and second degree murder— other than the penalties.” The Ramirez court concluded that juries should be instructed that “premeditation requires actual reflection.” Id. at 70, 945 P.2d at 381. In obvious disagreement with the Ramirez decision, the legislature responded in 1998 by amending the definition of premeditation. See 1998 Ariz. Sess. Laws, ch. 289, § 6. That legislation amended Arizona Revised Statutes (“A.R.S.”) section 13-1101(1) (2001), by adding to the definition of premeditation the phrase, “[p]roof of actual reflection is not required.” Yet, today this court adds to the definition of premeditation that which the legislature expressly excluded. Therefore, while I agree with affirming the conviction here, I disagree with the majority’s conclusion that the statutory definition of premeditation requires evidence of actual reflection. Accordingly, I respectfully dissent from those portions of the opinion holding that actual reflection must be proven.
¶ 37 I begin with several principles of statutory construction. First, it is the province, of the legislature to define crimes. State v. DePiano, 187 Ariz. 27, 38, 926 P.2d 494, 505 (1996) (Zlaket, J., concurring in part, dissenting in part); State v. Hickey, 114 Ariz. 394, 396-97, 561 P.2d 315, 317-18 (1977). Second, a statute must not be written so vaguely that it “impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoe and subjective basis, with the attendant dangers of arbitrary and discriminatory application.” Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). However, “[d]ue process requires neither perfect notice, absolute *481 precision nor impossible standards” when defining a crime. Fuenning v. Superior Court, 139 Ariz. 590, 598, 680 P.2d 121, 129 (1983). Due process “requires only that the language of a statute convey a definite warning of the proscribed conduct.” Id. Third, a statute’s language is the “the best and most rehable index” of its meaning. Janson v. Christensen, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). Finally, it is not the province of the judiciary to add language to a statute that the legislature expressly excluded. City of Phoenix v. Butler, 110 Ariz. 160, 162, 515 P.2d 1180, 1182 (1973) (finding choice of appropriate statutory wording “rests with the Legislature, and the court may not substitute its judgment for that of the Legislature”); Diaz v. Ariz. Dept. of Transp., 186 Ariz. 59, 62, 918 P.2d 1077, 1080 (App.1996) (“The judiciary should not ... add to a statute that which the legislature deemed unnecessary.”) (citation omitted).
¶ 38 With these principles in mind, I turn to the first degree murder statute at issue here and the definition of premeditation. Thompson was convicted of violating A.R.S. section 13-1105(A)(1), which defines first degree murder as an intentional or knowing killing of another person with premeditation. Premeditation is defined as follows:
“Premeditation” means that the defendant acts with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the killing by any length of time to permit reflection. Proof of actual reflection is not required, but an act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.
A.R.S. § 13-1101(1). The majority finds that when the legislature added the phrase “[pjroof of actual reflection is hot required” to the definition of premeditation, “the legislature did not intend to eliminate the requirement of reflection altogether or to allow the state to substitute the mere passing of time for the element of premeditation.” Supra, at ¶27. This finding is based on the assumption that “the legislature sought to relieve the state of the often impossible burden of proving premeditation through direct evidence.” Id. (emphasis added).
¶39 But there can be no doubt that the legislature intended to eliminate any requirement that the state prove actual reflection, whether by direct or circumstantial evidence. First, the plain language of the definition of premeditation specifically excludes any requirement that the state prove a defendant actually reflected. See A.R.S. § 13-1101(1). Second, the Senate Fact Sheet on the proposed amendment states that the amended statute “[e]liminates the requirement that the prosecution show proof of actual reflection in order to establish premeditation in homicide cases.” Arizona State Senate, Final Revised Fact Sheet for S.B. 1278 (dated July 13, 1998), 43rd Leg., 2nd Reg. Sess. (1997). Third, “[w]e presume that the legislature knows the existing case law when it ... modifies a statute. Additionally, we presume that by amending a statute, the legislature intend[ed] to change the existing case law.” State v. Garza-Rodriguez, 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990) (citation omitted). The Ramirez court specifically stated that reflection “may be proved by direct or circumstantial evidence.” 190 Ariz. at 71, 945 P.2d at 382 (emphasis added). When the legislature added the phrase, “[p]roof of actual reflection is not required,” it unmistakably intended to change “existing case law” and relieve the state of proving reflection, whether by direct or circumstantial evidence. Legislative intent could not have been more clearly expressed.
¶ 40 Despite this clear expression of legislative intent, the majority concludes that the state must produce evidence, “whether direct or circumstantial,” that a defendant “actually reflected.” Supra, at ¶ 31. Such evidence is required, the majority claims, for the statute to “pass constitutional scrutiny.” Supra, at ¶ 27.
¶ 41 Unlike my colleagues, I do not find the legislature’s decision to eliminate proof of actual reflection and instead rely, in part, on the passage of enough “time to permit reflection,” makes the statute unconstitutional. The definition of premeditation must be read as a whole. See State v. Eastlack, 180 Ariz. 243, 259, 883 P.2d 999, 1015 (1994). And read as a whole, I think the statute adequately' distinguishes between an intentional or *482 knowing second degree murder and an intentional or knowing first degree murder.
¶42 To prove the element of premeditation, the state must satisfy three statutory factors. First, there must be proof that the defendant acted “with either the intention or the knowledge that he [would] kill another human being.” A.R.S. § 13-1101(1). Second, there must be proof that such intention or knowledge preceded the killing “by any length of time to permit reflection.” Id. Third, while “[p]roof of actual reflection is not required,” there must be evidence that .the killing was not the result of a “sudden quarrel or heat of passion.” Id. These three factors combine to define a cold-blooded killing. By requiring proof that a defendant had sufficient time to permit reflection, coupled with requiring proof that a defendant did not act under the influence of a sudden quarrel or heat of passion, the legislature established a discernible standard for determining whether a killing is first degree murder. If the facts demonstrate that the murder occurred during a quarrel, or as a result of impulsive behavior, it necessarily follows that the defendant’s accompanying state of mind was such that he had insufficient time in which he could have reflected. Consequently, the definition of premeditation merely requires jurors to apply a reasonable person standard to the facts and circumstances of the case. “This is not dissimilar to asking jurors to determine whether an individual acted ‘reasonably’ or to resolve other conflicts similarly elusive but dependent upon the human experience.” State v. Thompson, 201 Ariz. 273, 285, ¶ 48, 34 P.3d 382, 394 (App.2001) (Ehrlich, J., concurring).
¶ 43 The majority, however, concludes that “if the only difference between first and second degree murder is the mere passage of time, and that length of time can be ‘as instantaneous as successive thoughts of the mind,’ then there is no meaningful distinction between first and second degree murder.” Supra, at ¶ 26. But as discussed above, the mere passage of time is not the only distinction between first and second degree murder. The state must also prove that the killing was not done under the influence of a quarrel or heat of passion. This latter requirement focuses the jury’s assessment of the facts relating to the time factor; it requires the jury to find that a defendant’s accompanying state of mind be such that the killing is not the result of an impulsive act. If the facts support such a finding, a conviction for first degree murder is neither arbitrary nor capricious. See State v. Booker, 203 Ariz. 284, 289, ¶ 11, 53 P.3d 635, 640 (App.2002) (holding that the limiting language of A.R.S. section 13-1101(l)-that a murder is not premeditated “if it is the instant effect of a sudden quarrel or heat of passion” — “adequately conveys the concept that ‘an act cannot be both impulsive and premeditated.’ ” (quoting Ramirez, 190 Ariz. at 71, 945 P.2d at 382)).
¶44 I find support for my conclusion in State v. Guerra, 161 Ariz. 289, 778 P.2d 1185 (1989). There, this court examined an instruction that, in defining premeditation, emphasized the rapidity with which premeditation could occur. Id. at 293-94, 778 P.2d at 1189-90. The court stated that “a jury may be misled” when an instruction places “undue emphasis on the rapidity with which premeditation can occur.” Id. at 294, 778 P.2d at 1190. However, the court concluded that “the remaining portions of the instructions clarified the definition of premeditation.” Id. The clarifying language included the phrase from A.R.S. section 13-1101(1) that “[a]n act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.” Id.; see also Eastlack, 180 Ariz. at 259, 883 P.2d at 1015.[9] Accordingly, as long *483 as a jury is instructed that a premeditated murder cannot occur when there is a sudden quarrel or heat of passion, the difference between first and second degree murder is adequately distinguished for a jury to make an objective assessment of the facts to determine if an intentional or knowing killing was first degree murder.
¶ 45 The conclusion I reach in this case is one of long standing. In Commonwealth v. Drum, 58 Pa. 9, 16 (1868), the court explained the interplay between the speed at which premeditation can occur and the requirement that the defendant not be under the influence of a sudden quarrel or heat of passion.
[N ]o time is too short for a wicked man to frame in his mind his scheme of murder, and to contrive the means of accomplishing it. But this expression must be qualified, lest it mislead. It is true that such is the swiftness of human thought, that no time is so short in which a wicked man may not form a design to kill ... yet this suddenness is opposed to premeditation, and a jury must be well convinced upon the evidence that there was time to deliberate and premeditate. The law regards, and the jury must find, the actual intent; that is to say the fully formed purpose to kill, with so much time for deliberation and premeditation, as to convince them that' this purpose is not the immediate offspring of rashness and impetuous temper, and that the mind has become fully conscious of its own design.
Id. (citations and internal quotations omitted). See also, e.g., Tichnell v. State, 287 Md. 695, 415 A.2d 830, 842 (1980); Clarke v. State, 218 Tenn. 259, 402 S.W.2d 863, 867-68 (1966); Leighton v. People, 88 N.Y. 117, 120 (1882).
¶46 Perhaps as one commentator contends, premeditation fails “as the dividing line between degrees of murder.” Matthew A. Pauley, Murder by Premeditation, 36 Am. Crim. L.Rev. 145, 169 (1999). Nonetheless, our legislature has chosen to use premeditation as that dividing line. By using the passage of time as a substitute for actual reflection, while at the same time requiring that a killing not be “the instant effect of a sudden quarrel or heat of passion,” A.R.S. section 13-1101(1), the legislature has drawn a discernible line between intentional or knowing first degree murder and intentional or knowing second degree murder. That is all the constitution requires. See Fuenning, 139 Ariz. at 598, 680 P.2d at 129.
¶47 In sum, I conclude the definition of premeditation as statutorily defined is not unconstitutionally vague. As such, I see no need to rewrite the statute to require the state prove a defendant actually reflected, whether by direct or circumstantial evidence. Finally, I would approve an instruction that tracks the statutory language of A.R.S. section 13-1101(1), and suggest that trial courts refrain from instructing juries that the time to reflect may be “as instantaneous as successive thoughts of the mind.”[10]
¶48 For the foregoing reasons, I concur with the majority in affirming the conviction in this ease, but dissent from the majority’s interpretation of A.R.S. section 13-1101(1).

. In my view, Guerra and Eastlack refute the court of appeals’ conclusion in this matter that this court judicially interpreted the premeditation statute’s language in such a way as to render it unconstitutionally vague. Thompson, 201 Ariz. at 281, ¶ 32, 34 P.3d at 390. The court of appeals asserted that this court interpreted the "instantaneous as successive thoughts of the mind” language "as an integral part of the statute [defining premeditation].” Id. at 280, ¶¶ 23, 25, 34 P.3d at 389 (citation omitted). While this court may have used that language in assessing whether the evidence supported giving an instruction on premeditation, see, e.g., State v. Hutton, 143 Ariz. 386, 389, 694 P.2d 216, 219 (1985), both Guerra and Eastlack cautioned against using such language when instructing juries. See also Moore v. State, 65 Ariz. 70, 82, 174 P.2d 282, 290 (1946) (noting that while time for deliberation and premeditation may be brief, a jury "must not be misled into thinking that an act can at the *483 same time be hasty, hurried, and deliberate or impulsive, unstudied, and premeditated”). Neither this court nor the legislature has adopted the “instantaneous” language as a requirement when instructing juries.

. Instructing juries "strictly on the statutory definition of premeditation would be more precise and less susceptible to confusion and claims of error.” Booker, 203 Ariz. at 290 n. 8, 53 P.3d at 641 n. 8. Moreover, in light of the statutory definition of premeditation, the "instantaneous as successive thoughts” language arguably is a comment on the evidence. See State v. Roscoe, 182 Ariz. 332, 335, 897 P.2d 634, 637 (App.1994) ("An instruction is an improper comment when it expresses an opinion as to what the evidence shows or does not show, or when it assumes as proven a disputed fact.”), vacated on other grounds, 185 Ariz. 68, 912 P.2d 1297 (1996).